IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                               No. CR 05-2051 JP

ROBERT VIGIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING/GRANTING PLAINTIFF'S MOTIONS IN LIMINE**

On February 4, 2006 Plaintiff United States filed four motions *in limine*:

(1) Government's Motion in Limine Pursuant to F.R.E. 402 (Doc. No. 88); (2) Government's Motion in Limine to Exclude Improper Questions and Argument (Doc. No. 89); (3) Government's Motion in Limine to Exclude Defense Expert Witness Testimony (Doc. No. 90); and (4) Government's Motion in Limine Pursuant to F.R.E. 608(B) (Doc. No. 91).

The Court has carefully considered the pleadings, the arguments of counsel, and the relevant caselaw, and makes the following rulings.

**I. Motion in Limine Pursuant to F.R.E. 402.**

Defendant has listed as one of his witnesses the United States Attorney for the District of New Mexico, David C. Iglesisas. Plaintiff seeks to exclude the testimony of Mr. Iglesias unless Defendant complies with 28 C.F.R. § 16.23(c) by furnishing an affidavit or statement that sets forth a summary of the testimony Defendant seeks to elicit from him.

Defendant agrees that he must comply with this regulation, and agrees to provide an affidavit in a timely manner, but apparently has not yet provided an affidavit. Thus, this motion

will be denied, without prejudice, as premature. The United States indicates it will likely seek to quash any trial subpoena served on the United States Attorney. The Court will give Defendant a reasonable deadline by which to comply with this regulation, and to afford Plaintiff ample opportunity to file its motion to quash.

**II. Motion in Limine to Exclude Improper Questions and Argument.**

The United States seeks to exclude suggestions by the Defendant in front of the jury in the trial of this case, either through questioning of witnesses or argument, that the Court has made a finding that the lead FBI agent made false statements in connection with the affidavit in support of the search warrants. In ruling on Defendant's motion to suppress, the Court avoided making a definitive finding of the affidavit's falsity on the part of FBI agents McCandless and/or Russin in their statements about Leo Sandoval's counterfeiting activities. Rather, in its analysis of the suppression motion, the Court assumed there had been reckless falsity, and denied the motion. Even if the Court had made a finding of deliberate or reckless falsity, such a finding would not be admissible in evidence. Therefore this motion will be granted. Under Fed. R. Evid. 608(b), Defendant may examine the FBI agents as to their truthfulness in connection with their investigation of Leo Sandoval's alleged counterfeiting activities, reported in the affidavit in support of the search warrants. The Court will apply appropriate Rule 403 limitations to such examination.

**III. Motion in Limine to Exclude Defense Expert Witness Testimony.**

The United States seeks to prevent Defendant from calling any expert witness because he failed to identify any expert by February 21, 2006, the deadline contained in the Court's Amended Scheduling Order (Doc. No. 65). Defendant responds that he has decided not to call an expert on

election and campaign finance issues, but wishes to reserve decision on whether to call an expert to rebut the testimony of Plaintiff's expert, Stephen J. Weinstein.

The Court granted the United States an extension to January 20, 2006 to disclose its expert witness. The United States made its disclosure on January 20, 2006. At a status conference on February 1, 2006, there was a discussion about Defendant's disclosure of potential expert witnesses. Counsel stated that the Defendant may call a rebuttal expert depending upon the Court's ruling on a motion in limine he intended to file regarding the Plaintiff's expert witness. The Court gave Defendant a February 6, 2006 deadline to file his motion in limine. Order 2/3/06 (Doc. No. 80).

On February 6, 2006 Defendant filed a Motion in Limine to Exclude Government's Proposed Expert Witness (Doc. No. 81). On March 2, 2006 the Court held a hearing on Defendant's motion in limine, and made several rulings, some of them tentative, about the different aspects of the proposed testimony of the government's expert Stephen J. Weinstein. Although the Court did not exclude all the testimony of the expert, it ruled that Mr. Weinstein may not testify about certain matters, and that other topics may be excluded at a later time.

Given the expense of hiring expert witnesses in complex financial cases such as this one, and in light of the prior discussions in open court, it was reasonable for Defendant to await the Court's ruling before deciding whether to hire his own expert to rebut the testimony of Stephen J. Weinstein. Therefore, the motion will be denied as to a rebuttal expert for Defendant. The Court will extend to March 22, 2006 the time for Defendant to disclose an expert to rebut the testimony of Stephen J. Weinstein, and to disclose the nature of the expert's testimony and to produce a summary of the expert's testimony.

**IV.  Motion in Limine Pursuant to F.R.E. 608(B).**

The United States seeks a ruling that the Defendant may not prove by extrinsic evidence that government witnesses Angelo Garcia and Leo Sandoval committed other crimes that are not related to the indictment in this case.  Rule 608(b) of the Federal Rules of Evidence provides, in pertinent part:

> **Specific instances of conduct.**  Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Extrinsic evidence of specific instances of collateral conduct by a witness is excludable under Rule 608(b).  United States v. Olivo, 80 F.3d 1466, 1471 (10th Cir. 1996).  If a witness denies engaging in that conduct, counsel questioning the witness may not go beyond the witness' answer.  Id.  *See also* United States v. Martinez, 76 F.2d 1145, 1150  (10th Cir. 1996); United States v. Young, 952 F.2d 1252, 1259 (10th Cir. 1991).

**A.  Angelo Garcia.**  Angelo Garcia is under indictment in two cases in state court in New Mexico for allegedly committing securities fraud and other crimes in connection with sales of real estate investments to individual investors.  He has pleaded not guilty to the state charges.  Defendant argues that Mr. Garcia's actions in the alleged real estate scheme are not a collateral issue of his credibility, but are central to the defense in this case.  Defendant proposes that the money Mr. Garcia extorted from Kent Nelson, which is the subject of this federal case, was used to feed the alleged fraudulent real estate scheme, which is the subject of the state cases.

4

Defendant wants to question FBI agents about Mr. Garcia's conduct regarding the alleged real estate scheme.  Defendant contends this evidence will rebut the government's case on the counts of money laundering.  Defendant also asserts this line of questioning of the FBI agents would not be offered to impeach the credibility of Mr. Garcia, but rather to impeach the FBI agents by showing that their investigation of this matter was neither thorough nor competent.

Complicating the matter, counsel for Mr. Garcia has informed the parties in this case that he will advise Mr. Garcia to invoke his Fifth Amendment right and not answer any questions about the crimes charged against him in state court.  Defendant argues that if Mr. Garcia testifies against Defendant, but then refuses to be cross-examined about what he actually did with the money he extorted from Kent Nelson, Defendant would have no way to rebut his testimony except through extrinsic evidence.

The issues related to the testimony of Angelo Garcia are the subject of another motion *in limine* filed by Defendant on March 7, 2006, "Motion *in Limine* to Exclude Testimony of Angelo Garcia" (Doc. No. 99).  That motion is not fully briefed.  The Court will hear argument on this aspect of both motions in limine at a hearing scheduled for March 22, 2006.  Therefore the Court will defer a ruling on the matter of impeachment of Angelo Garcia.

**B. Leo Sandoval.**  Leo Sandoval was the target of a Secret Service investigation into counterfeiting.  When Mr. Sandoval was being questioned by the Secret Service about counterfeiting, he made statements about corruption at the Treasurer's Office that initiated the investigation of the present case.  He was granted immunity from prosecution for improper duplication of currency in return for his cooperation in this case.  He was terminated from his state employment for misuse of government property because he used state computers and

5

printing equipment to duplicate currency and other documents.

Defendant has listed as one of his witnesses United States Secret Service Agent Tony Surodjawan, who investigated Mr. Sandoval for counterfeiting. Defendant argues that the testimony he seeks to elicit from Agent Surodjawan is important to give context to the FBI's investigation and how it started. His testimony will be especially important, contends Defendant, if the government does not call Mr. Sandoval during its case-in-chief. Plaintiff responds that the United States does intend to call Mr. Sandoval in its case-in-chief, and anticipates that it will elicit testimony from him about his own role in the start of the investigation leading to the present charges, and that Mr. Sandoval will be available for cross-examination.

There may be areas in which Defendant can properly question Agent Surodjawan, but Defendant may not question him about whether Mr. Sandoval committed the act of counterfeiting to show Mr. Sandoval's tendency to lie. Such questioning would violate Rule 608(b)'s prohibition against extrinsic evidence used to impeach a witness' "character for truthfulness." Therefore, the motion in limine will be granted in part.

THEREFORE, IT IS ORDERED:

1. The Government's Motion in Limine Pursuant to F.R.E. 402 (Doc. No. 88) is denied, without prejudice, as premature. If Defendant wishes to subpoena U.S. Attorney David C. Iglesias, he must provide an affidavit or statement in compliance with 28 C.F.R. § 16.23(c) by March 27, 2006;

2. The Government's Motion in Limine to Exclude Improper Questions and Argument (Doc. No. 89) is granted;

3. The Government's Motion in Limine to Exclude Defense Expert Witness Testimony (Doc. No. 90) is denied. The Defendant must disclose his expert witness to rebut the testimony of Stephen J. Weinstein, and must disclose the nature of his expert's testimony, and must produce a summary of his expert's testimony, by March 22, 2006. Thereafter, the United States must file any motion in limine concerning Defendant's expert witness by March 27, 2006; and

4. The Government's Motion in Limine Pursuant to F.R.E. 608(B) (Doc. No. 91) is granted in part. Defendant may not attempt to show Leo Sandoval's character for untruthfulness by introducing extrinsic evidence that he committed acts of misconduct unrelated to the indictment in this case. The remainder of this motion, having to do with the conduct of Angelo Garcia, is taken under advisement.

_____
SENIOR UNITED STATES DISTRICT JUDGE