IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

Plaintiff,

vs. Case No. CR 05-2051

ROBERT VIGIL,

Defendant.

MEMORANDUM OPINION AND ORDER

On February 27, 2006, Defendant filed "Defendant Robert Vigil's Motion to Compel Production of Grand Jury Transcripts" (Docket No. 93). Defendant seeks an order under FED. R. CRIM. P. 6(e)(3)(E)(ii) requiring disclosure of transcripts of all grand jury proceedings. In essence, Defendant argues that he is entitled to disclosure of the grand jury transcripts because (1) he believes the Government inappropriately used the grand jury to strengthen its case against Defendant; (2) he believes the Government may have acted vindictively in seeking a Third Superseding Indictment; and (3) he believes the grand jury was improperly instructed on the relevant law. Having carefully considered Defendant's motion, the Court finds that Defendant has failed to demonstrate a particularized need for the requested grand jury material. The Court therefore finds that Defendant Robert Vigil's Motion to Compel Production of Grand Jury Transcripts should be denied.

*I. Background*

On September 13, 2005, Defendant was indicted on two counts of extortion under color of official right, in violation of the Hobbs Act, 18 U.S.C. § 1951 ("the Hobbs Act"). (Docket No. 1). Defendant was charged with extorting kickbacks in his position as Treasurer of the State

of New Mexico. A First Superseding Indictment was filed on October 15, 2005, wherein Defendant was charged with twenty-one counts of violating the Hobbs Act. (Docket No. 20). The First Superseding Indictment also requested forfeiture of Defendant's property.

On October 20, 2005, Defendant filed a motion to dismiss the indictment, arguing that the First Superseding Indictment was deficient because it failed to allege all of the essential elements of extortion under color of official right. (Doc. No. 30). On November 9, 2005, while Defendant's motion to dismiss was still pending, the grand jury returned a Second Superseding Indictment. (Docket No. 47). The Second Superseding Indictment charged Defendant in Count One with conspiracy in violation of 18 U.S.C. § 371, in Counts Two through Five with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), in Counts Six through Twenty-Six with extortion in violation of the Hobbs Act, and also requested forfeiture. On February 3, 2006, the Court entered a Memorandum Opinion and Order granting, in part, Defendant's motion to dismiss. (Docket No. 79). The Court dismissed, without prejudice, Counts Twenty-Five and Twenty-Six of the Second Superseding Indictment for failure to adequately allege an essential element of Hobbs Act extortion under color of official right.

On February 22, 2006, the grand jury returned a Third Superseding Indictment that added to and altered the language of the Second Superseding Indictment. (Docket No. 87). The Third Superseding Indictment also substantively altered several of the crimes with which Defendant had been charged in the Second Superseding Indictment. Under the Third Superseding Indictment, Defendant is now charged in Count One with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), in Count Two with RICO conspiracy, 18 U.S.C. § 1962(d), in Counts Three through Six with money laundering, 18 U.S.C. § 1956(a)(1),

and in Counts Seven through Twenty-Eight with violating the Hobbs Act. In addition to the current motion to compel the grand jury transcripts, Defendant has filed several motions to dismiss various counts of the Third Superseding Indictment. (Docket Nos. 109, 110, 111, and 112).

*II. Standard of Review*

Under the Federal Rules of Criminal Procedure, matters occurring before a grand jury are to be kept secret, subject to a few exceptions. FED. R. CRIM. P. R. 6(e)(2)(B). One of these exceptions provides that a court may authorize disclosure of a grand jury matter if a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. R. 6(e)(3)(c)(ii). A "grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986). The prerequisites for disclosure of grand jury materials are demanding. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

First, a defendant must make a strong showing of particularized need for the grand jury transcript. *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991). The grand jury transcript must be needed to avoid possible injustice, and the defendant must not be merely fishing for useful material. *Id*. "The determination of whether 'a particularized need' [exists] is peculiarly a matter resting in the sound judicial discretion of the trial court" *United States v. Parker,* 469 F.2d 884, 889 (10th Cir. 1972). *See also United States v. Warren*, 747 F.2d 1339 (10th Cir. 1987).

The defendant's need for the disclosure must outweigh the need for secrecy in grand jury proceedings**.** *Douglas Oil*, 441 U.S. at 222. *See also In re Grand Jury 95-1*, 118 F.3d 1433,

1437 (10th Cir. 1997). After an indictment has been returned, this need for secrecy is primarily engendered by a concern for encouraging free disclosure by individuals who have information about the crime. *See*, *e.g.*, *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-683 (1958). Finally, the disclosure should be tailored to cover only the grand jury material that is needed. *Douglas Oil*, 441 U.S. at 222.

*III. Discussion*

The Government has already given Defendant transcripts of the testimony of law enforcement witnesses who testified before the grand juries. On March 16, 2006, the Court entered an Order denying disclosure of the testimony of the grand jury witnesses who were not law enforcement officers. (Docket No. 119). Thus, the question is whether Defendant has demonstrated a particularized need for the other part of the grand jury transcript that contains the colloquy between the prosecutors and the grand jurors. The Court will therefore address whether any of the arguments advanced by Defendant demonstrates a particularized need for that part of the grand jury transcript.

*(1) Improper investigation*

Defendant first argues that he needs the grand jury materials because he may seek to dismiss the indictment based on improper use of the grand jury process. The Tenth Circuit has found that "it is improper to use the grand jury for the primary purpose of strengthening the Government's case on a pending indictment or as a substitute for discovery, although this may be an incidental benefit." *United States v. Gibbons*, 607 F.2d 1320, 1328 (10th Cir. 1979). "However, where there is another legitimate purpose behind the grand jury investigation, the proceeding would not be improper merely because the Government may derive an incidental

benefit." *Id*. The First Circuit has recently explained that "if a grand jury's continuing [investigation] results in the indictment of parties not previously charged, the presumption of regularity [given to grand jury process] generally persists" *United States v. Flemmi*, 245 F.3d 24, 28-29 (1st Cir. 2001). The presumption of regularity also endures "when the grand jury's investigation leads to the filing of additional charges against previously indicted defendants." *Id.* at 29 (citing *Gibbons*, 607 F.2d at 1328-29).

Defendant has not presented any evidence suggesting that the grand jury was used for an improper purpose. Under *Flemmi*, the presumption of regularity in the grand jury process persists because the Third Superseding Indictment resulted in the filing of additional charges against an already indicted defendant. *See id.* Further, the Government has already disclosed the testimony of critical grand jury witnesses to Defendant. The Court does not see how disclosure of the colloquy between the prosecutors and the grand jurors would assist Defendant in determining whether the grand jury was improperly used to gather evidence. Therefore the Court finds that the Defendant has not demonstrated a particularized need on the basis of this argument.

*(2) Prosecutorial vindictiveness*

Defendant next argues that the grand jury materials are needed to prepare a possible motion to dismiss the indictment based on prosecutorial vindictiveness. In order to establish a claim of prosecutorial vindictiveness, a defendant must prove either "(1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997), *cert. denied*, 522 U.S. 1137 (1998). If a defendant proves either actual vindictiveness or a realistic likelihood of vindictiveness, the burden shifts to the government to justify its prosecutorial decision based on

"legitimate, articulable, objective reasons." *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991). In determining whether prosecutors have acted vindictively, the salient question is "whether as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus toward the defendant because he exercised his specific legal right." *United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997), *cert. denied*, 522 U.S. 839 (1997) (quoting *Raymer*, 941 F.2d at 1042).

Before trial, prosecutors may add additional charges to an indictment without automatically giving rise to a "presumption of vindictiveness" because:

> In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized . . . It is unrealistic to assume that a prosecutor's probable response to [pre-trial] motions is to seek to penalize and to deter.

*United States v. Goodwin*, 457 U.S. 368, 381 (1982). "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Defendant provides some evidentiary support to his argument that the grand jury transcript is needed in order to determine whether the Third Superseding Indictment was returned for the purpose of punishing Defendant for exercising his constitutional rights. The RICO charges were filed soon after the Court granted, in part, Defendant's motion to dismiss, which resulted in dismissal of two counts of the Second Superseding Indictment. Defendant suggests that the

Government may have contemplated bringing RICO charges at a much earlier date because an affidavit of Special Agent Drew McCandless, sworn on the date of the original indictment, alleges that Defendant was engaged in a racketeer influenced and corrupt organization. However, according to counsel for the Government, the prosecutors did not receive authorization to seek to add the RICO charges until one day before the Government made a presentation to the grand jury that returned the Third Superseding Indictment.

Defendant's evidence does not show actual vindictiveness on the part of the Government. However, the evidence of the Government's early consideration of RICO offenses and the temporal relationship of the dismissal of some counts of the Second Superseding Indictment and the return of the Third Superseding Indictment adds some support to an argument that there may be a realistic possibility of prosecutorial vindictiveness. The Government responds that the RICO charges were added at a later date because a cooperating witness, Michael Montoya, did not agree to provide information until November 2005, and the information he eventually provided added substantial support to the RICO charges. The Government argues that the three months between the time Mr. Montoya began to cooperate and the return of the Third Superseding Indictment "is a short time given the 'complicated' nature of RICO.'" (Docket No. 97 at 4). Further, the Court notes that there is no evidence in the record that the prosecutors purposefully delayed requesting authorization to add the RICO counts until certain counts of the Second Superseding Indictment had been dismissed.

Although Defendant may be on more than a fishing expedition in seeking the grand jury transcripts for a motion to dismiss based on prosecutorial vindictiveness, the Court finds that Defendant has not fulfilled his heavy burden of demonstrating a "particularized need" for the

transcript. Defendant must make a strong showing of need for the grand jury materials, and there is no indication that the transcript would contain any information tending to reveal a realistic possibility of vindictiveness on behalf of the Government. The timing of the Third Superseding Indictment alone does not give rise to a presumption of vindictiveness. And the other information provided by Defendant does not necessarily suggest that the Government said or did something before the grand jury that would reveal potential prosecutorial vindictiveness. Defendant simply has not demonstrated a particularized need for the grand jury transcript on this basis.

*(3) Improper instruction*

Finally, Defendant argues that alleged deficiencies in the language of the Third Superseding Indictment suggest that the grand jury was improperly instructed on the pertinent law, and that the grand jury material is necessary in order to determine whether the grand jurors found probable cause to believe that a crime had been committed. The Tenth Circuit, responding to a challenge to a prosecutor's instructions to a grand jury, has stated that:

> [A]n attempt to prevent trial by attacking alleged legal errors in the grand jury proceedings is generally rejected. An indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for the trial of the charge on the merits. The remedy of dismissal of [an] indictment is an extraordinary one applied to insure proper standard of conduct by the prosecution. Any indictment may be dismissed for prosecutorial misconduct so flagrant that there is some significant infringement on the grand jury's ability to exercise independent judgment. Challenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face. We likewise feel that the complaints made here would not justify dismissal of the indictment.

*United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986), *cert. denied*, 494 U.S. 1088 (1990) (citations omitted). Thus, "[g]iving erroneous legal instructions to a grand jury does not

constitute grounds for dismissing an indictment valid on its face." *United States v. Burger*, 773 F.Supp. 1430, 1434 (D. Kan 1991) (citing *Buchanan*, 787 F.2d at 487).

Defendant argues that, in light of the prior dismissal of two counts of the Second Superseding Indictment, there is a real possibility that the Third Superseding Indictment also is deficient. However, any motion to dismiss the Third Superseding Indictment will evaluate the facial validity of the indictment, and Defendant's argument does not met the standard of "particularized need" sufficient to outweigh the need for secrecy in the grand jury process. Defendant has not shown a particularized need for the grand jury transcript on this basis.

Because Defendant has failed to establish a particularized need for the requested grand jury materials under any of his theories, the motion will be denied.

IT IS THEREFORE ORDERED THAT "Defendant Robert Vigil's Motion to Compel Production of Grand Jury Transcripts" (Docket No. 93) is DENIED.

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE