IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

       Plaintiff,

vs.                                                                   Case No. CR 05-2051

ROBERT VIGIL,

       Defendant.

## MEMORANDUM OPINION AND ORDER

On March 7, 2006, Defendant filed "Mr. Vigil's Motion for Bill of Particulars Directed to Third Superseding Indictment and for Early Production of Brady/Giglio and Jencks Act Materials to Prepare for Trial" (Docket No. 100). In his motion, Defendant argues that he is entitled to a bill of particulars under FED. R. CRIM. P. 7(f). Defendant also seeks an order requiring the Government to disclose all materials falling under the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83 (1963) at least two weeks before trial.

On March 15, 2006, the Government filed a response in opposition to the motion. (Docket No. 117). In its response, the Government argues that Defendant is not entitled to a bill of particulars because the indictment adequately informs Defendant of the charges and sufficiently enables Defendant to prepare a defense. The Government also states that Defendant is not entitled to a bill of particulars because Defendant has already been provided with extensive discovery. Finally, the Government argues that Defendant is not entitled to early disclosure of *Brady* and Jencks Act materials.

On March 21, 2006, the grand jury returned a Fourth Superseding Indictment. (Docket No. 133). Although Defendant's motion was addressed to the Third Superseding Indictment, the

Court finds that Defendant's arguments are fully applicable to the new indictment. The Court will therefore analyze Defendant's motion as it pertains to the Fourth Superseding Indictment.

After careful review of Defendant's motion, the Court finds that the motion should be granted, in part, and denied, in part.

*I. Background*

The charges against Defendant in the Fourth Superseding Indictment arise, in essence, from an alleged kickback scheme transpiring before and during Defendant's tenure as Treasurer for the State of New Mexico. The Fourth Superseding Indictment spans twenty-eight pages, contains twenty-eight criminal counts, and requests forfeiture of Defendant's property. Count One of the indictment charges Defendant with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Count One describes the roles of the various participants in the alleged racketeering enterprise, the objectives and means of the racketeering activities, and sets forth, in detail, twenty-six acts of predicate racketeering activity by date and other specific factual allegations. Count Two charges Defendant with RICO conspiracy, 18 U.S.C. § 1962(d). Count Two expressly incorporates specified prior allegations made in Count One, lists the dates of the alleged conspiracy, and cites the statutes allegedly violated. Counts Three through Six charge Defendant with money laundering, 18 U.S.C. § 1956(a)(1). Each of the four counts of money laundering represents a specific check executed on behalf of Defendant, and each check is described by date, payee, and amount. Counts Seven through Twenty-Eight charge Defendant with extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. Each act of extortion is set forth by date and amount extorted, and the Hobbs Act counts describe the role and actions of Defendant and the other participants in the crime.

Defendant seeks a bill of particulars detailing various allegations in Count One. First, with respect to paragraphs nine and eleven of Count One, which describe the role of the Defendant in the racketeering enterprise and the manner and means of the racketeering activity, Defendant seeks identification of the members and associates of the criminal enterprise that Defendant allegedly directed, as well as specification of all evidence which support the allegations. Second, Defendant wants the Government to specify how Defendant solicited the payment of kickbacks as alleged in paragraph ten of Count One, and to identify the facts supporting this allegation. Third, Defendant seeks the identification and production of any contract giving George Everage, an individual named in the indictment, a job as Securities Lending Oversight Manager as discussed in paragraph 11(c) of Count One. Fourth, as to paragraph 11(d) of Count One, Defendant seeks specification and identification of the individuals and companies from whom Defendant allegedly extorted kickbacks. Fifth, Defendant seeks specification of the terms of any agreements made between Defendant and other named members of the criminal enterprise as alleged in paragraphs 22 through 25 in Count One, as well as identification of the facts supporting such agreements. Sixth, with respect to paragraph 26 of Count One, Defendant requests that the Government specify how particular financial transactions were designed to conceal the nature and source of the proceeds of illegal activity. Seventh, Defendant requests that the Government specify how Defendant would require Kent Nelson to transfer funds to Angelo Garcia as alleged in paragraphs 34 through 36 of Count One, and requests identification of the factual support to these allegations. Eighth, Defendant requests that the Government specify how Defendant demanded George Everage hire another individual as a condition of doing business with the State Treasurer's Office, and how Defendant required Mr. Everage to pay a portion of Mr. Everage's

3

contract to another individual as alleged in paragraphs 61 and 62 of Count One.  Defendant also seeks production of the contract described in paragraph 63 of Count One.

Defendant also requests that the Government detail what facts support a *quid pro quo* agreement between Defendant and other individuals listed in Counts Seven through Twenty-Eight.

Defendant argues that this information is needed because "[w]ithout notice of the particulars of the government's claims, it will not be possible for counsel to explore possible defenses thoroughly or prepare adequately for trial."  (Docket No. 100 at 2).

Defendant also seeks early disclosure of all potentially favorable evidence under *Brady* and the Jencks Act because if he "is forced to wait until trial to receive these materials, it may be too late for him to contact witnesses, interview them, and follow up on important leads." (Docket No. at 4-5).

*II.  Discussion*

*1. Bill of Particulars*

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to direct the government to file a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)).  A bill of particulars is not a wholesale discovery device, and a defendant "is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v.*

*Levine*, 983 F.2d 165, 166 (10th Cir. 1992) (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979), *cert. denied*, 444 U.S. 979 (1979)). A bill of particulars is unnecessary if "the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* (quoting *Dunn*, 841 F.2d at 1029).

Defendant is not entitled to a bill of particulars for several reasons. First, much of the information Defendant seeks is not properly conveyed through a bill of particulars. Defendant's request for the "when, where, and how" and the evidentiary basis for each of the Government's allegations is tantamount to a request for wholesale discovery. *Cf. United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975), *cert. denied*, 423 U.S. 858 (1975). Such a request is not appropriately addressed by a bill of particulars.

Second, Defendant is not entitled to a bill of particulars because the allegations in the indictment sufficiently state the elements of each offense and will allow Defendant to assert a double jeopardy defense in a subsequent proceeding. Although the Fourth Superseding Indictment does not always list the specific facts supporting each allegation, the indictment describes what conduct by the Defendant is being prosecuted by providing the date and a general description of what actions taken by Defendant and others are the basis for the charges. The Court believes these allegations in the Fourth Superseding Indictment will enable Defendant to assert a double jeopardy defense in a subsequent proceeding. Moreover, each count of the indictment lists the offense with which Defendant is charged and cites to the corresponding statutory authority. The Court therefore finds that the indictment sufficiently states the elements of each offense so as to render a bill of particulars inappropriate.

Finally, Defendant has been adequately apprised of the charges so that he can prepare a

defense. Counsel for the Government represents that, in addition to the specific factual allegations of the indictment, Defendant has been provided with extensive discovery materials, including a transcript of the grand jury testimony of FBI Special Agent Marcus McCaskill. The Government states that Agent McCaskill's grand jury testimony details the evidence supporting each charge in the Fourth Superseding Indictment. The discovery material that the government gave to Defendant obviates the need for a bill of particulars. *See Levine*, 983 F.2d at 166. *See also United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) ("A bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.' The defendant needs to know what the government intends to prove."). Thus, a bill of particulars is not necessary because the Government has provided Defendant with discovery containing sufficient information to apprise Defendant of the charges against him so that he may prepare a defense. *Cf. United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996) (finding that the government's provision of extensive discovery to a defendant adequately gave the defendant tools to prepare a defense, "regardless of whether the discovery was copious and the preparation of the defense was difficult.").

*2. Jencks Act Materials*

Defendant next seeks early disclosure by the Government of materials covered by the Jencks Act. Sections (a) and (b) of the Jencks Act state:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, [sic] discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
</blockquote>

18 U.S.C. § 3500. *See also* FED. R. CRIM. P. 26.2. The plain language of the Jencks Act prevents the Court from ordering disclosure of a government witness's statements before that witness testifies on direct examination. *Cf. United States v. Tager*, 481 F.2d 97, 100 (10th Cir. 1973) ("Under the [Jencks Act], the defendant has no right to pre-trial discovery of statements made by government witnesses to the grand jury.").

However, the Jencks Act also provides that a court, in its discretion, may recess trial after a government witness's statement is disclosed in order to provide a defendant with enough time to examine the statement and prepare for its use at trial. 18 U.S.C. § 3500(c). Testimony in this case is expected to last at least six weeks, and the Government intends to offer over 15,000 pages of documents into evidence. Early disclosure of statements under the Jencks Act would help expedite the proceedings by avoiding the several recesses and continuances that might be necessary to allow Defendant time to examine the statements and prepare for trial. The Court therefore strongly encourages the Government to provide early disclosure of Jencks Act material in order to prevent unnecessary and excessive delays during trial.

### 3. Brady/Giglio Materials

Finally, Defendant seeks early production of all evidence falling within *Brady v. Maryland*, 73 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). Under *Brady* and

*Giglio*, the prosecution must disclose all material and favorable evidence to an accused, including material impeachment evidence. *See Giglio*, 405 U.S. at 154. Evidence is material if there is a "reasonable probability" that the outcome of the trial would have been different had the evidence been disclosed to the defense. *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.*

Defendant requests that all *Brady* material be disclosed two weeks before trial. The Government asserts that it has provided all directly exculpatory material to Defendant. The Government also asserts that Defendant has access to most impeachment material. Nevertheless, the Government argues that Defendant is not entitled to the remaining impeachment material before trial.

The Court agrees that, generally, "*Brady* is not violated when the material requested is made available during the trial." *United States v. Young*, 45 F.3d 1405, 1408 n.2 (10th Cir. 1995) (citing *United States v. Rogers*, 960 F.2d 1501, 1510 (10th Cir. 1992)). However, the prosecution's disclosure of favorable evidence during trial may give rise to a *Brady* violation if the delay in disclosure renders the defendant unable to make use of the benefits of the material at trial. *See, e.g., Knighton v. Mullin*, 293 F.3d 1165, 1172-73 (10th Cir. 2002) (finding that *Brady* is not violated when government makes material available during trial, "as long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence.") (quoting *United States v. Scarborough*, 128 F.3d 1373,1376 (10th Cir. 1997)); *United States v. Beale,* 921 F.2d 1412, 1426 (11th Cir. 1991) ("A Brady violation can . . . occur if the prosecution delays in transmitting evidence during a trial, but only if the defendant can show prejudice, *e.g.*, the material came so late that it could not be effectively used."). *See also United States v.*

8

*Warhop*, 732 F.2d 775, 777 (10th Cir. 1984) ("[W]hile we strongly disapprove of delayed disclosure of Brady materials, that alone is not always grounds for reversal. As long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence . . .").

The Court cannot order the Government to disclose material covered by the Jencks Act before trial. However, the Jencks Act does not bar the Court from ordering the Government to disclose all other evidence falling under *Brady* and *Giglio* before trial. As explained above, the potential complexity and estimated length of Defendant's trial suggests that early disclosure of evidence favorable to Defendant is appropriate. Given the nature of this case, the Court cannot be assured that Defendant will be able to make effective use of the remaining undisclosed material impeachment evidence if the Government waits until trial to disclose it. The Court also wishes to avoid the inherent delay in late disclosure of such evidence. Therefore, the Court finds that the Government should disclose all *Brady* and *Gigilo* material and favorable evidence, except for witness's statements covered by the Jencks Act, to the Defendant by April 5, 2006 in order to ensure that Defendant may make proper use of the benefits of such evidence at trial.

IT IS THEREFORE ORDERED THAT "Mr. Vigil's Motion for Bill of Particulars Directed to Third Superseding Indictment and for Early Production of Brady/Giglio and Jencks Act Materials to Prepare for Trial" (Docket No. 100) is DENIED, in part, as to Defendant's request for a bill of particulars and early disclosure of Jencks Act materials.

IT IS FURTHER ORDERED THAT "Mr. Vigil's Motion for Bill of Particulars Directed

to Third Superseding Indictment and for Early Production of Brady/Giglio and Jencks Act Materials to Prepare for Trial" (Docket No. 100) is GRANTED, in part, as to Defendant's request for early disclosure of *Brady/Giglio* materials, and the Government must furnish those materials to Defendant by April 5, 2006.

                                        */s/ James A. Parker*
                                   SENIOR UNITED STATES DISTRICT JUDGE