IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES,

        Plaintiff,

vs.                                                                                   Case No. CR 05-2051

ROBERT VIGIL,

        Defendant.

MEMORANDUM OPINION AND ORDER

On March 15, 2006, Defendant Robert Vigil filed a Motion to Dismiss Rico Counts (Docket No. 111), requesting dismissal of Counts One and Two of the Third Superseding Indictment. Defendant argues that Counts One and Two, which allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, impermissibly charge multiple conspiracies in one count. On March 21, 2006, the grand jury returned a Fourth Superseding Indictment (Docket No. 133). Defendant's challenge to Counts One and Two of the Third Superseding Indictment was not affected by the return of the new indictment, and therefore the Court will treat Defendant's motion as applicable to the Fourth Superseding Indictment. However, the Court finds that Defendant's motion should be denied with prejudice as to Count One of the Fourth Superseding Indictment, and, at this time, denied without prejudice as to Count Two of the Fourth Superseding Indictment.

*I. Background*

Count One of the Fourth Superseding Indictment charges Defendant, former Treasurer for the State of New Mexico, with violating RICO by conducting and participating in an enterprise, namely, the New Mexico State Treasurer's Office ("NMSTO"), through a pattern of racketeering activity. 18 U.S.C. § 1962(c). Count One lists twenty-six predicate acts supporting the pattern of

racketeering activity consisting of acts of bribery, extortion, and money laundering.  Count Two charges Defendant with conspiring with others to conduct the enterprise through the pattern of racketeering activity. 18 U.S.C. § 1962(d).  The remaining twenty-six counts of the Fourth Superseding Indictment charge Defendant with substantive violations of the racketeering acts: Counts Three through Six charge Defendant with money laundering in violation of 18 U.S.C. § 1956, and Counts Seven through Twenty-Eight charge Defendant with extortion under color of official right in violation of the Hobbs Act, 18 U.S.C. § 1951.

Defendant argues that Count One and Count Two impermissibly allege multiple conspiracies in each count.  For example, paragraph 12 of Count One alleges that Defendant was a participant in a racketeering violation beginning January 1995 and continuing through September 2005.  However, paragraph 17 of Count One suggests that Defendant was not involved with the NMSTO until January 1999, at which time Defendant served as a Deputy Treasurer for the NMSTO. Thus, Defendant argues that he was not involved in the racketeering activity alleged in paragraph 12 which occurred before Defendant became Deputy Treasurer in January 1999.  Paragraphs 14 through 16 of Count One allege that in December of 1999, Michael Montoya, who was then the Treasurer of the State of New Mexico, agreed with Angelo Garcia, Leo Sandoval, and Kent Nelson that portions of the commissions Mr. Nelson received for his work with the NMSTO would be shared with Mr. Montoya, Mr. Garcia, and Mr. Sandoval as a condition of Mr. Nelson receiving business from the NMSTO.  These paragraphs do not discuss the Defendant's involvement in the agreement to extort commissions from Mr. Nelson.  Hence, Defendant argues that paragraphs 14 through 16 of Count One allege a separate conspiracy. Paragraphs 14 through 16 of Count One are expressly incorporated by reference into the RICO

conspiracy charge made in Count Two, but paragraph 12 of Count One is not expressly incorporated into Count Two.

However, Count One also alleges, in detail, Defendant's participation in the pattern of racketeering activity occurring after Defendant became Deputy Treasurer in January 1999. For example, Count One alleges that Defendant agreed with Mr. Garcia and Mr. Montoya to use the proceeds of extortion gained during Mr. Montoya's term as Treasurer in Defendant's own campaign for Treasurer. Additionally, Count One alleges Defendant intended to conceal the source and nature of these extortion proceeds, in part by not accurately reflecting the proceeds in Defendant's reports of campaign contributions and expenditures. Count One also alleges that Defendant, Mr. Garcia, and Mr. Montoya understood that they would continue to commit extortion upon Defendant's election as Treasurer. Finally, Count One alleges that Defendant continued to extort and conceal kickbacks received from Mr. Nelson during Defendant's term.

## II. Analysis

Under 18 U.S.C. § 1962(c), it is unlawful for anyone associated with an enterprise affecting interstate commerce to directly or indirectly conduct or participate in the enterprise's affairs through a pattern of racketeering activity. *See also Sedima S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" includes acts of bribery under state law, acts of extortion under 18 U.S.C. § 1951, and acts of money laundering under 18 U.S.C. § 1956. 18 U.S.C. § 1961(1)(A), (B). A "pattern of racketeering activity" requires at least two acts of racketeering activity committed within a ten year period which are (1) "related" to each other and (2) "amount to or pose a threat of continued criminal activity." 18 U.S.C. § 1961(5); *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

It is unlawful under 18 U.S.C. § 1962(d) for anyone to conspire to violate 18 U.S.C. § 1961(c). A defendant violates § 1962(d) if the defendant participates in an enterprise which affects interstate commerce by knowing about and agreeing to facilitate the commission of two or more acts constituting a pattern of racketeering activity. *United States v. Smith*, 413 F.3d 1253, 1265-66 (10th Cir. 2005). "The conspiracy element of § 1962(d) requires the Government to demonstrate only that the defendant knew about and agreed to facilitate the commission of—rather than personally committed or agreed to commit—at least two of the predicate acts constituting a pattern of racketeering activity . . . ." *Id.* at 1272.

Defendant argues that both Count One and Count Two impermissibly allege multiple conspiracies in each count, in violation of *Kotteakos v. United States*, 328 U.S. 750 (1946). However, Count One alleges that Defendant participated in a enterprise through a pattern of racketeering under § 1962(c), and does not allege the existence of a conspiracy. A motion hearing was held on April 4, 2006. Defendant was present at the hearing and represented by Attorney Sam Bregman, Attorney Jason Bowles, and Attorney B.J. Crow. The Government was represented by Assistant United States Attorney Jonathon Gerson and Assistant United States Attorney Steven Yarbrough. At the hearing, counsel for Defendant agreed that Count One does not charge a conspiracy. Since Count One does not allege the existence of a conspiracy, Defendant's motion will be denied, with prejudice, as to Count One.

Count Two charges Defendant under § 1962(d), alleging that Defendant conspired to violate § 1962(c). Count Two therefore charges a conspiracy. The determination of whether a single conspiracy or multiple conspiracies exist is a highly factual inquiry into the interdependence between members of the alleged conspiracy. *See, e.g. United States v. Owens*, 70 F.3d 1118,

1126 (10th Cir. 1995); *United States v. Roberts*, 14 F.3d 502, 510-11 (10th Cir. 1993). "Interdependence exists where 'each coconspirators activities constituted essential and integral steps toward the realization of a common, illicit goal.'" *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995). Count Two appears to allege Defendant's participation in a single conspiracy, as lapses in time and changes in membership do not necessarily convert a single conspiracy into multiple conspiracies. *Cf. Roberts*, 14 F.3d at 511.  However, because the resolution of this issue would necessitate a factual inquiry, the Court believes that Defendant's argument would be more appropriately presented as a motion for a judgment of acquittal under FED. R. CRIM. P. 29.  At the April 4, 2006 hearing, counsel for Defendant agreed that Defendant's motion to dismiss would be better considered after the Government concludes its case-in-chief.  Therefore, the Court finds that Defendant's motion should be denied, without prejudice, with respect to Count Two of the Fourth Superseding Indictment.  Defendant may reassert his challenge to Count Two after the Government closes its evidence.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss Rico Counts (Docket No. 111) is DENIED, with prejudice, as to Count One of the Fourth Superseding Indictment.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss Rico Counts (Docket No. 111) is DENIED, without prejudice, as to Count Two of the Fourth Superseding Indictment.

_____
SENIOR UNITED STATES DISTRICT JUDGE