**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                              No. CR 05-2051 JB

ROBERT VIGIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Motion in Limine to Exclude Evidence and Testimony, filed June 20, 2006 (Doc. 237). The primary issues are: (i) whether the Court should permit the United States to elicit testimony about certain witnesses' guilty pleas as substantive evidence of Defendant Robert Vigil's guilt; (ii) whether the Court should give a limiting instruction if guilty pleas come in; and (iii) whether the Court should bar arguments that imply Vigil is guilty because he associated with co-Defendants and co-conspirators. Because the Court is concerned about the prejudicial effect the introduction of guilty pleas and plea agreements of co-conspirators and co-Defendants can have on Vigil's ability to secure a fair trial, the Court will grant the motion and (i) exclude any testimony or evidence at trial regarding guilty pleas that the co-Defendants or alleged co-conspirators entered in this matter as substantive evidence of Vigil's guilt; (ii) give a limiting instruction to the jury at the time any guilty plea is introduced; and (iii) bar the United States, without prior approval from the bench, from eliciting testimony or evidence, or making any arguments, that Vigil is guilty merely because of his association with convicted cooperators, i.e.,

"birds of a feather" arguments.

## PROCEDURAL BACKGROUND

At the first trial, Vigil stipulated to the admission as exhibits of the written plea agreements of Michael Montoya, Angelo Garcia, and Kent Nelson, as well as of the letter memorializing Leo Sandoval's immunity agreement. Not all plea agreements contain a written factual basis, but Montoya's and Nelson's plea agreements contained factual summaries of their criminal conduct. The Honorable James A. Parker, Senior United States District Judge, received the plea agreements and immunity agreement in evidence with no limitations upon their use.

Montoya, Garcia, Nelson, and Sandoval each testified at the first trial of this case, and each testified concerning the contents of his written agreement with the United States. Their testimony included reference to the specific contents of their plea agreements. In Montoya's and Nelson's testimony, each read aloud the factual basis portion of his plea agreement to the jury and reaffirmed, under oath and before the jury, the truthfulness of the content of the factual basis portion of his plea agreement and thus the basis for his plea. Each of the cooperating witnesses was subject to cross examination concerning his plea agreement, including, where applicable, the factual basis portion of his plea agreement.

At the conclusion of the United States' case in chief at the first trial, Vigil filed written motions for a judgment of acquittal pursuant to rule 29 of the Federal Rules of Criminal Procedure.

Vigil argues that, in the prior trial of the matter, the prosecutor for the United States argued in closing at certain times that Vigil was guilty by association. Vigil cites, however, a single comment by the prosecutor during summation as an example. The United States invoked a Spanish reference – si duermes con perros tienes pulgas– that is, if one lies down with dogs, he is bound to get fleas.

The United States represents that it made the comment in response to the summation argument of Vigil's counsel that the United States' cooperating witnesses were all criminals, and that Vigil had been unaware of the criminal activity which had surrounded him at the New Mexico State Treasurer's Office for seven years. The United States contends that its prosecutor's comment in rebuttal pertained to the extensive evidence offered at trial that Vigil had intensive interaction with the cooperating witnesses during the period of time at issue, and that his protestations that he did not know about their criminal activity were not credible.

After Judge Parker declared a mistrial because of the jury's inability to reach a unanimous verdict, Vigil filed additional written motions for a judgment of acquittal. At oral argument of these motions on June 14, 2006, the United States relied in part upon the contents of the factual basis portion of the Nelson plea agreement to show that evidence in the record would support a verdict of guilty. In the course of the June 14th hearing, the Court inquired whether any limitation had been placed upon the use of the written plea agreements at the first trial, and counsel advised the Court that Judge Parker imposed no limitations. The Court stated that it was inclined to deny the motions for a judgment of acquittal and went on to consider a new trial setting.

The present motion followed. Vigil moves the Court in limine to enter an order to exclude any testimony or evidence at trial regarding guilty pleas that the co-Defendants or alleged co-conspirators entered in this matter as substantive evidence of Vigil's guilt. Vigil also requests the Court to provide a limiting instruction to the jury at the time any guilty plea is introduced. Finally, Vigil requests an order barring the United States from eliciting testimony or evidence, or making any arguments, that Vigil is guilty merely because of his association with convicted cooperators, i.e., "birds of a feather" arguments.

The United States represents that it has every expectation that witnesses Montoya and Nelson will testify again at the retrial of this case. The United States also represents that it expects they will once again adopt the content of the factual basis portion of their plea agreements as accurate.

### LAW REGARDING CO-DEFENDANT'S GUILTY PLEAS

**1.     Admission of Guilty Pleas and Plea Agreements.**

The United States does not, and cannot, dispute that "[a] codefendant's guilty plea may not be used as substantive evidence of a defendant's guilt." United States v. Baez, 703 F.2d 453, 455 (10th Cir. 1983). This rule protects defendants from a jury's temptation "to conclude that if one defendant is guilty of committing an offense, the other defendant is guilty as well." United States v. Peterman, 841 F.2d 1474, 1480 (10th Cir. 1988). See United States v. Miranda, 593 F.2d 590, 594 (5th Cir. 1979)("Our cases clearly establish that a defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a codefendant or government witness has been convicted of the same charge."); Babb v. United States, 218 F.2d 538, 542 (5th Cir. 1955)("A defendant is entitled to have the question of his guilt determined upon the evidence against him, not on whether a Government witness or co-defendant has plead guilty to the same charge."). The United States Court of Appeals for the Tenth Circuit has noted that "[a] guilty plea entered by a codefendant can be especially prejudicial if the plea is made in connection with a conspiracy to which the remaining defendants are charged." United States v. Peterman, 841 F.2d at 1480 (quoting United States v. DeLucca, 630 F.2d 294, 298 (5th Cir. 1980)). "Due to the extreme and unfair prejudice suffered by defendants in [those] situations, courts and prosecutors generally are forbidden from mentioning that a codefendant has either pled guilty or been convicted." United States v. Griffin, 778 F.2d 707, 710 (11th Cir. 1985).

Evidence of a co-conspirator's guilty plea is admissible only for the limited purpose of assisting the jury in assessing the credibility of a witness. See United States v. Nickl, 427 U.S. 1286, 1294 n.2 (10th Cir. 2005) ("A prosecutor may properly use a codefendant or conconspirator's guilty plea to aid the jury in its assessment of the codefendant or conspirator's credibility, but may not use the guilty plea as substantive evidence of a defendant's guilt."). When a plea is admissible, the United States is entitled to introduce into evidence the full contents of the plea agreement of a cooperating witness during the witness' direct testimony. See United States v. Harlow, 444 F.3d 1255, 1262 (10th Cir. 2006); United States v. Magallanez, 408 F.3d 672, 680 (10th Cir. 2005); United States v. Lord, 907 F.2d 1028, 1031(10th Cir. 1990). This rule applies even if the plea agreement contains a truthfulness provision or a cooperation agreement. See United States v. Harlow, 444 F.3d at 1262.

The Tenth Circuit has recognized that a plea agreement containing a truthfulness provision or a cooperation agreement has both a bolstering and an impeaching effect on the witness' credibility, and acknowledged "the difficulties . . . drawing fine distinctions between which provisions of an agreement are bolstering and which are impeaching." United States v. Lord, 907 F.2d at 1031. In light of this difficulty, the majority of the Circuit Courts of Appeals, including the Tenth Circuit, recognize the impracticality of limiting the admissible portions of a plea agreement during the witness' direct examination to the impeaching parts alone, and permit the full contents of the plea agreement to be used in the course of the direct examination of the witness.[1]  See United States v. Spriggs, 996

---

[1]That the full contents of a plea agreement may come in on direct does not mean that the prosecution may offer any of that content for purposes of establishing the defendant's substantive guilt; the admission of such evidence is always limited to impeaching the credibility of a witness. To ensure that evidence is offered for the proper purpose, the Court is empowered to examine the purpose of the government in calling a co-defendant. See United States v. Peterman, 841 F.2d at 1479 ("In evaluating the reason a witness is called, we adopt the rule of the Fifth Circuit that the prosecution may not introduce evidence 'under the guise of impeachment for the primary purpose of

F.2d 320, 324 (D.C. Cir. 1993) (citing cases from the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits). More specifically, prosecutors are entitled to use the contents of witness plea agreements in their entirety, including provisions related to truthfulness that might serve to bolster credibility, and such uses "become impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony." United States v. Harlow, 444 F.3d at 1262 (quoting United States v. Bowie, 892 F.2d 1494, 1498 (10th Cir. 1990)); United States v. Magallanez, 408 F.3d at 680 (same).

### 2. Limiting Instruction.

The trial court should instruct the jury that the evidence of a witness' guilty plea is received for the limited purpose of determining witness credibility and is not to be considered as implying the defendant's guilt. See United States v. Peterman, 841 F.2d at 1481; United States v. Baez, 703 F.2d at 455. "Because of the potential for prejudice, cautionary instructions limiting the jury's use of the guilty plea to permissible purposes are critical." United States v. Baez, 703 F.2d at 455 (citations omitted). These general rules apply to the plea agreements of co-conspirators as well as to those of co-defendants. See United States v. Griffin, 778 F.2d at 711 (reasoning that the prejudice against the defendant is the same irrespective whether the evidence presented by the government involves codefendants or coconspirators).

Some courts doubt the effectiveness and sufficiency of a limiting instruction in cases involving conspiracy. See United States v. Gullo, 502 F.2d 759, 761 (3d Cir. 1974). This fear arises because the character of conspiracy as a crime that requires the participation of multiple individuals elevates

---

placing before the jury substantive evidence which is not otherwise admissible.'") (emphasis in original) (internal quotation omitted).

the risk that a jury will implicate the defendant in the crime of the alleged coconspirator and "thus presents a unique situation which may require the courts to scrutinize more closely the purported remedial effect of instructions to the jury." Id.

In any case, it is preferable to caution the jury after each alleged co-conspirator or co-defendant testifies. See United States v. Dunn, 841 F.2d 1026, 1031 (10th Cir. 1988). Putting evidence of co-defendants' convictions before the jury in the absence of a permissible purpose or without a cautionary instruction limiting the jury's consideration to a permissible purpose may constitute plain error affecting substantial rights under rule 52(b) of the Federal Rules of Criminal Procedure. See United States v. Austin, 786 F.2d 986, 992 (10th Cir. 1986)(citing United States v. Baez, 703 F.2d at 455). But see United States v. Davis, 766 F.2d 1452, 1456-57 (10th Cir. 1985) (holding failure to give a cautionary instruction was not per se plain error and did not require reversal of conviction when the defendant had made use of his co-defendants' pleas for impeachment purposes and there was overwhelming evidence of guilt in the record).

### 3. Arguments About Guilt By Association.

The Tenth Circuit has recognized that it is improper for the prosecution to use guilty pleas of co-conspirators or co-defendants to perpetuate a "birds of the feather" argument. See United States v. Dunn, 841 F.2d 1026, 1031 (10th Cir. 1988)(recognizing the need to temper the "birds of a feather" tactic used by prosecution even when defense counsel did not explicitly object to such a tactic); United States v. Austin, 786 F.2d 986, 991 (10th Cir. 1986)("In the face of such blatantly impermissible use of these convictions, we reject out of hand the Government's argument on appeal that the convictions were not used as substantive evidence of defendants' guilt."). This recognition adopts the understanding of other circuits that "the government cannot prove a conspiracy by

presenting evidence that only places the defendant in a climate of activity that reeks of something foul." United States v. Austin, 786 F.2d at 988 (quoting United States v. Jackson, 700 F.2d 181, 185 (5th Cir. 1983)(internal quotation omitted)).

In Krulewitch v. United States, 336 U.S. 440 (1949), Justice Jackson, in a concurring opinion, noted the particularly sensitive position of a defendant to a conspiracy charge:

> A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. If he is silent, he is taken to admit it and if, as often happens, co-defendants can be prodded into accusing or contradicting each other, they convict each other.

Id. at 454 (Jackson, J., concurring). Because an association of multiple parties is an element of a conspiracy charge, "courts must be especially vigilant to ensure the defendants are not convicted on the theory that guilty 'birds of a feather are flocked together.'" United States v. Griffin, 778 F.2d at 711 (citing Krulewitch v. United States, 336 U.S. at 454 (Jackson, J., concurring)). "The impact on the jury [of the government bringing out the guilty plea of a co-offender] is quite substantial: the obvious inference is that if one of several persons alleged to be co-offenders pleads guilty and exposes himself to imprisonment, he must have been telling the truth, and if one is guilty, all are guilty." United States v. Kroh, 915 F.2d 326, 338 n.3 (8th Cir. 1990) (quoting 2 J. Weinstein & M. Berger, Evidence § 410[07], at 410-449 (1988)).

## ANALYSIS

Vigil's motion seeks, in essence, to limit the use at trial of the plea agreements of the United States' cooperating witnesses. Vigil's motion and the United States' response raise the spectre of a host of issues that the Court may at some point have to address, but Vigil's motion seeks limited

relief. The Court will grant that relief and will not, at this time, anticipate and address the potential issues that this motion and response foreshadow.

## I. THE COURT WILL ADMIT EVIDENCE AND TESTIMONY OF A CO-DEFENDANT'S OR ALLEGED CO-CONSPIRATOR'S GUILTY PLEAS ONLY AS TO THEIR CREDIBILITY AND NOT AS SUBSTANTIVE EVIDENCE AGAINST VIGIL, AND ONLY IF THE CO-DEFENDANTS TESTIFY.

Vigil asks the Court to exclude any testimony or evidence at trial regarding guilty pleas that the co-defendants or alleged co-conspirators entered in this matter as substantive evidence of his guilt. The United States responds that it did not seek, at the first trial, to have the jury consider the mere existence of the guilty pleas of the cooperating witnesses as substantive proof of Vigil's guilt, and promises that it will not do so at the retrial. Accordingly, the Court will grant this portion of Vigil's motion.

The United States contends, however, that Vigil's purpose in filing his motion is to try to keep the jury from considering, and otherwise limit the use of, the factual basis portions of the Montoya and Nelson plea agreements as substantive evidence of his own guilt. The United States distinguishes between guilty pleas and written plea agreements. While the Court recognizes that they are different, and that they may be used differently, the Court will not distinguish them for purposes of this portion of Vigil's motion.

The Court will admit the plea agreements of the government cooperators only if the cooperators testify and for the limited purposes of the jury evaluating the cooperators' credibility. If the cooperators do not testify, the Court will sustain Vigil's objection to the admission of the plea agreements. The Court also sustains Vigil's objection to the admission of the agreements as substantive evidence against him.

The Court need not decide, on this motion, whether the United States will be entitled to introduce the contents of plea agreements during the direct testimony of its witnesses. It is sufficient to say, however, that where a plea agreement contains a written factual basis, or contains conditions requiring the witness' truthfulness or cooperation with the government, those portions of the plea agreement may have the mixed impeaching and bolstering effect that the Tenth Circuit has recognized to be part of the nature of plea agreements. The written factual basis has an impeaching effect in that it presents, in summarized fashion, a recital of bad acts that the witness has committed.

To the extent that the factual portion of the plea agreement is consistent with the in-court testimony of the witness, the written factual basis may serve to bolster the witness' credibility. Similarly, provisions requiring the witness to testify truthfully may suggest that "the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." United States v. Magallanez, 408 F.3d at 680. Nevertheless, because of the difficulty in drawing a clear demarcation between elements of the plea agreement that might be impeaching and those that might bolster, the possibility of bolstering does not alone render the plea agreement inadmissible . See United States v. Lord, 907 F.2d at 1030-31.

Vigil raises the prospect of the continued availability of the United States' witnesses. As with any retrial, the Federal Rules of Evidence provide for the use of a witness' prior testimony should the witness be unavailable. See Fed. R. Evid. 804(b)(1). Montoya and Nelson adopted the contents of the factual basis portions of their plea agreements during their prior testimony. The United States will need to be careful that specific prior testimony about the contents of the factual basis portions of the Montoya and Nelson plea agreements does not reveal to the jury, regardless of the witness'

availability, the existence of a guilty plea or plea agreements, and then use that as substantive evidence of Vigil's guilt. This obligation may require careful redactions. The United States can certainly elicit testimony at this trial as to the facts that constitute the basis for the charges against Vigil, or read the prior testimony that merely states the facts as they are recorded in the plea agreements, but it may not offer the plea agreements, themselves, as substantive evidence of Vigil's guilt.

## II. THE COURT WILL GIVE LIMITING INSTRUCTIONS SUFFICIENT TO CURE ANY PREJUDICE, AND AS EARLY AND AS OFTEN AS VIGIL REASONABLY REQUESTS.

The United States has no objection to a limiting instruction stating, in substance, that evidence of a witness' guilty plea is not to be considered as implying Vigil's guilt. The Court will thus give, on request, a limiting instruction to the jury at the time any guilty plea is introduced. See United States v. Dunn, 841 F.2d at 1031 (expressing a preference for limiting instructions after each co-defendant or co-conspirator testifies).

Vigil's request for relief, however, is broader than a request for a limiting instruction on the witness' guilty plea, but also seeks a limiting instruction on the contents of the written plea agreements. The United States opposes entry of any order limiting the jury's consideration of the factual basis for the factual portion of a witness' plea agreement.

It is true that, once the witness, in the course of his testimony, adopts the content of the factual basis of the plea agreement as accurate, the content of the factual basis portion – the facts themselves – becomes part of the witness' own testimony. As part of the witness' testimony, the Court will permit the jury to rely upon the facts, regardless where they may be found, for any relevant purpose in establishing Vigil's guilt. The Court will not confuse the jury, however, by any separate

instruction stating that it is permitted to consider, without limitation, the content of the factual basis of the plea agreement to the extent that the witness has adopted those facts.

If the plea agreements somehow come into evidence, the Court will instruct the jury not to consider the existence of the plea agreement, or the written basis of the agreement, except for the limited purpose of impeaching the witness. The Court will further instruct that these admissions may not be considered for determining Vigil's guilt. It will be at that point the instruction should make clear that the jury can otherwise consider the witness' testimony in this case for all purposes. Vigil will draft the instruction and submit same to the Court by the close of business on August 18, 2006.

## III. THE COURT WILL EXCLUDE, WITHOUT PRIOR APPROVAL FROM THE BENCH, ARGUMENTS AND SUGGESTIONS OF "GUILT BY ASSOCIATION" AS IMPROPER.

Vigil relies upon a single comment by the Assistant United States Attorney that, if one lies down with dogs, one is bound to get fleas. From this single cited instance, Vigil asserts multiple alleged improprieties. The United States contends that the record will show that the single cited remark was fair comment on Vigil's own summation. The United States cites to United States v. Giles, 246 F.3d 966, 969 (7th Cir. 2001), as a case in which the Seventh Circuit approved of a trial judge making the same comment in regard to the actions of a corrupt public official. The Court notes several differences between the United States' use of the comment in its summation and the trial judge's use in United States v. Giles. In United States v. Giles, the trial court was referring not to the defendant's relationship with co-conspirators, but to his relationship with an FBI informant that the Seventh Circuit characterized as a "corrupt contractor" as well as a "notorious con man and a professional manipulator." Id. More important, the comment was made not at the defendant's trial or before the jury, but at the sentencing after the defendant had already been convicted. See id.

The Court need not decide, on this motion, whether the United States' summation at the first trial was proper. Suffice it to say such arguments can, in certain circumstances, impermissibly seek to hold Vigil guilty by association under a "birds of a feather" argument. The Court will bar these arguments in the second trial without prior approval; if the United States desires to make similar arguments in this trial, it will need to approach the bench and explain why such argument is appropriate.

**IT IS ORDERED** that the Defendant's Motion in Limine to Exclude Evidence and Testimony is granted. The Court will exclude any testimony or evidence at trial regarding guilty pleas that the co-defendants or alleged co-conspirators entered in this matter as substantive evidence of Vigil's guilt. The Court will give a limiting instruction to the jury at the time any guilty plea is introduced. The Court will bar the United States, without prior approval, from eliciting testimony or evidence, or making any arguments that Vigil is guilty merely because of his association with convicted cooperators, i.e., "birds of a feather" arguments.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
Jonathon Gerson
Steven C. Yarbrough
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Bowles and Crow
Albuquerque, New Mexico

– and –

Sam Bregman
Eric Loman
Bregman Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*