IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                               No. CR 05-2051 JB

ROBERT VIGIL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Government's Motion to Admit Co-Conspirator Statements as Non-Hearsay Pursuant to Fed. R. Evid. 801(d)(2)(E), filed August 4, 2006 (Doc. 267). The Court held a hearing on this motion on August 29, 2006. The primary issue is whether the United States has shown, by a preponderance of the evidence, that a conspiracy existed and that Defendant Robert Vigil was a member of that conspiracy, thus making statements that co-conspirators made in furtherance, and in the scope, of the conspiracy admissible. Because the record before the Court establishes by a preponderance of the evidence, that a conspiracy existed among Michael Montoya, Leo Sandoval, Kent Nelson, Angelo Garcia, and Vigil, and because the co-conspirator statements appear to be relevant, non-hearsay, and otherwise admissible, the Court will permit the Untied States to elicit such statements from its witnesses, subject to the United States establishing that the statements were made in furtherance, and in the scope, of the conspiracy.

**PROCEDURAL BACKGROUND**

      The indictments in the case allege, among other things, that Vigil was a member of a conspiracy to commit RICO violations. See Fifth Superseding Indictment, Count Two, filed July 25,

2006 (Doc. 259); Fourth Superceding Indictment, Count Two, filed March 21, 2006 (Doc. 133). The indictments allege that the conspiracy existed between January 1995 and September 2005, and that, during this period, Vigil and others conspired to conduct the affairs of the New Mexico State Treasurer's Office through a pattern of racketeering activity.

In the course of the first trial, the United States' cooperating witnesses testified about the existence of conversations they had with each other in furtherance of the racketeering conspiracy. For example, Michael Montoya and Les Sandoval testified about their interactions regarding Montoya's use of investment advisors before hiring Kent Nelson in that capacity. Montoya, Sandoval, Angelo Garcia, and Nelson all testified about the process which the New Mexico State Treasure's Office used to hire Nelson as an investment advisor.

Montoya, Sandoval, Garcia, and Nelson also testified about their interactions during the course of Nelson's work as investment advisor. Among other matters, the witnesses' testimony concerned: (i) a meeting in Phoenix between Sandoval, Garcia, and Nelson; (ii) a meeting at Montoya's treehouse between Montoya, Sandoval, Garcia, and Nelson; and (iii) frequent communications between Nelson and Garcia during Nelson's stints as an investment advisor. The United States, however, never sought to admit the statements in issue as non-hearsay co-conspirator statements and thus the Court has not previously ruled on their admissibility.

This testimony drew frequent objections from Vigil on grounds of hearsay, seeking to prevent the witnesses from offering testimony consisting of co-conspirator statements. These objections led to frequent bench conferences and to the Honorable James A. Parker, Senior United States District Judge, instructing the parties to pose leading questions to the witnesses that would discourage responses containing hearsay. This activity resulted in frequent interruptions during witness

-2-

examinations, and the United States contends these breaks confused the witnesses and resulted in the United States' case being presented in a disjointed manner that was difficult for the jury to follow.

On May 10, 2006, at the conclusion of the United States' case in chief during the first trial, Vigil filed a motion for judgment of acquittal on the RICO counts with which he was charged. See Defendants' Motion for Judgment of Acquittal on RICO Counts, filed May 10, 2006 (Doc.198). Judge Parker heard argument upon the motion on May 12, 2006, and denied the motion in an Order entered on May 25, 2006. See Order Denying Without Prejudice Defendant's Motion for Judgment of Acquittal on RICO Counts, filed May 25, 2006 (Doc. 212). On May 25, 2006, Vigil filed a motion renewing his motion for a judgment of acquittal on the RICO and RICO conspiracy counts. See Defendant's Renewed Motion for Judgment of Acquittal on RICO Counts, filed May 25, 2006 (Doc. 209)("Renewed Motion for Acquittal"). On June 1, 2006, the case was reassigned to Judge Browning. The Court heard argument on all of Vigil's motions for a judgment of acquittal on June 14, 2006.

On June 23, 2006, the Court entered an Order denying the motion for a judgment of acquittal. See Order, filed June 23, 2006 (Doc. 240). In its Order, the Court noted that one of the issues raised by Vigil's motions was "whether the United States introduced sufficient evidence for a reasonable jury to conclude that . . . Vigil took part in a racketeering conspiracy," and concluded that "a reasonable jury could conclude that the United States, with the record at the trial, has proved each of these allegations beyond a reasonable doubt." Id. at 1-2. In its Order, the Court stated that it would issue an opinion at a later date more fully detailing the reasons for its decision. See id. at 2 n.1.

On August 7, 2006, the Court entered that memorandum opinion. See Memorandum

Opinion, filed August 7, 2006 (Doc. 268)("Rule 29 Memorandum"). In its memorandum opinion, the Court emphasized that, in considering a motion for judgment of acquittal, "district courts must consider the collective inferences to be drawn from the evidence as a whole," but cautioned that it was "the jury's role, not the Court's, to resolve conflicting testimony and weigh the evidence." Id. at 14. Regarding the conspiracy charges against Vigil, the Court concluded that, based on the evidence the United States had presented at trial, a reasonable jury could have determined that a conspiracy existed and that Vigil was a member of the conspiracy.

> A reasonable jury could have found that Vigil agreed with at least one other person to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity, or knowingly and voluntarily participated in the conspiracy, because Garcia told Vigil that he would set up the same arrangement with Vigil as with Montoya, Vigil learned about the prior arrangement with Montoya through Garcia, Vigil indicated that he intended to continue the fee-sharing arrangement that Montoya had set up, and Vigil threatened to withhold the SLOM contract from Everage.

Id. at 28. The Court acknowledged that there was some testimony that supported Vigil's contention that the United States had been unable to prove each of the elements of the crimes with which he was charged beyond a reasonable doubt, but denied the motion because "[t]he evidence presented at trial . . . was more extensive than Vigil implies." Id. at 9.

The United States moves the Court to permit it to elicit testimony consisting of non-hearsay co-conspirator statements in the retrial of this case. The Court's local rules provide for a response to be served within fourteen calendar days of service of a motion. See D.N.M. LR-Cr. 47.8(a). Vigil's allowable period to respond to the United States' motion expired on August 18, 2006. On August 22, 2006, the United States filed a Notice by United States of Completion of Briefing of Motion to Admit Co-Conspirator Statements (Doc.295). Vigil did not file a response until mid-

afternoon on August 28, 2006, and did not file a request for an extension of time to respond within the allowed fourteen days.

## LAW REGARDING CO-CONSPIRATOR STATEMENTS

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is not admissible. See Fed. R. Evid. 802. The rules characterize some out-of-court statements, however, as exceptions to the hearsay definition and categorize them as not hearsay. See Fed. R. Evid. 801(d). Among those categories are "statement[s] by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Consequently, if co-conspirator statements are relevant, they may be admitted into evidence. See Fed. R. Evid. 402 ("All relevant evidence is admissible.").

To admit out-of-court statements by co-conspirators as non-hearsay pursuant to rule 801(d)(2)(E), the United States must demonstrate by a preponderance of the evidence that: (i) a conspiracy existed; (ii) the declarant and the defendant were members of that conspiracy; and (iii) the statements that the United States seeks to admit were made during the course and in furtherance of the conspiracy. See United States v. Sinclair, 109 F.3d 1527, 1533 (10th Cir. 1997). The Court may consider the co-conspirator statements themselves, as well as independent evidence, in determining whether the conspiracy existed. See Champagne Metals v. Ken-Mac Metals, Inc., Nos. 04-6222 & 05-6139, 2006 U.S. App. LEXIS 20139, at *15 (10th Cir. Aug. 7, 2006)(citing United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996)).

In determining the admissibility of co-conspirator statements, "[t]he strongly preferred order of proof" is for the district court to hold a hearing "outside the presence of the jury to determine by

a preponderance of the evidence the existence of a predicate conspiracy."[1]  See United States v. Urena, 27 F.3d at 1487, 1491 (10th Cir. 1994).  A defendant does not possess a right to a pretrial hearing on admissibility of co-conspirators statements, however, and the court retains discretion to provisionally admit statements "with the caveat that . . . the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence."  United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998)(quoting United States v. Owens, 70 F.3d 1118, 1123 (10th Cir. 1995)); United States v. Hernandez, 829 F.2d 988, 994 n.6 (10th Cir. 1987).  This flexibility recognizes the United States Court of Appeals for the Tenth Circuit's understanding that it is not always practical for the United States to make a showing that a conspiracy existed before admitting specific evidence at trial.  See United States v. Peterson, 611 F.2d 1313, 1330 (10th Cir. 1979)(noting that admissibility determination contemplates presentation of requisite conspiracy evidence before or during the United States' case in chief).

## ANALYSIS

United States District Court for the District of New Mexico local criminal rule 47.8(a) requires a party to serve a response within fourteen calendar days after service of a motion.  Although, before it received his response, the Court was prepared to deem Vigil's failure to file and serve a timely response in opposition to the United States' motion to constitute consent to grant the motion, the Court has fully considered Vigil's response, reviewed the extensive record, examined the relevant law, and made an independent determination whether it should grant the motion.  The Court also gave Vigil the opportunity to present evidence on the existence of a conspiracy at the August

---

[1]This hearing, often referred to as a James hearing, is based on a procedure that the United States Court of Appeals for the Fifth Circuit developed in United States v. James.  See 590 F.2d 595 (5th Cir. 1979).

29, 2006 hearing on this motion.

## I. THERE IS NO NEED FOR A FURTHER PRE-TRIAL EVIDENTIARY HEARING ON THIS MOTION.

The United States seeks permission to elicit co-conspirator statements from its witnesses pursuant to rule 801(d)(2)(E). Because of the procedural posture of this case, and because the United States already presented a significant amount of evidence in Vigil's first trial, there is no need for a further pre-trial evidentiary hearing on this motion unless Vigil wants to present evidence. The Court already has ample evidence from the United States.

The Court may rely upon the entire record of the first trial to determine if the United States has established, by a preponderance of the evidence, the existence of a conspiracy, and both the United States and Vigil urge the Court to do so in their briefs. Because the Court has thousands of pages of transcripts from the first trial on which to base its determinations, and because Vigil was given an opportunity to speak in support of it response brief and present evidence at the hearing on this motion, the Court will not hold a separate pre-trial evidentiary hearing on this matter.

## II. THE UNITED STATES HAS DEMONSTRATED THE EXISTENCE OF THIS CONSPIRACY BY A PREPONDERANCE OF THE EVIDENCE.

In the absence of other evidence, the evidence that Judge Parker admitted at the first trial satisfies the preponderance standard on the basis of the transcripts of the first trial's testimony. The Court's reasoning in its denial of Vigil's rule 29 motions provides adequate support for the admission of the co-conspirator declarations.

The Court has already ruled that there was sufficient evidence at the first trial for a reasonable jury to conclude that the United States proved, beyond a reasonable doubt, that Vigil took part in the racketeering conspiracy charged in the indictment. See Rule 29 Memorandum at 28-29. The Court

found that "a reasonable jury could have found that Vigil agreed with at least one other person to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity, or knowingly and voluntarily participated in the conspiracy." Id. at 28. The Court based its determination upon its review of the transcripts of trial testimony, and upon the briefs and arguments of counsel. Specifically, the Court pointed to testimony asserting that "Garcia told Vigil that he would set up the same arrangement with Vigil as with Montoya, Vigil learned about the prior arrangement with Montoya through Garcia, Vigil indicated that he intended to continue the fee-sharing arrangement that Montoya had set up, and Vigil threatened to withhold the SLOM contract from Everage." Id. at 28-29.

Proof of the existence of a conspiracy is often based on circumstantial evidence, and this testimony is sufficient to establish Vigil's participation in a conspiracy by a preponderance of the evidence. By its denial of Vigil's motions for a judgment of acquittal, the Court has already found that evidence in the record supports the existence of a conspiracy and Vigil's membership in the conspiracy. The Court bases its determination of this motion upon the same evidence that supported its denial of Vigil's Renewed Motion for Acquittal.

The Court recognizes that the existence of evidence in the record to support each of the elements of conspiracy is a different standard than proof by a preponderance. On the other hand, Vigil introduced no evidence at trial to undermine the evidence of a conspiracy or his membership therein. Nor does he present any such evidence in his response to this motion. In his response, Vigil urges the Court "scrutinize each statement to assess whether each of the elements of the coconspirator rule are met, including whether there is any evidence of the existence of a conspiracy in which Mr. Vigil is a member at the time of the proffered statement." Mr. Vigil's Response to

Government's Motion to Admit Co-Conspirator Statements as Non-Hearsay Pursuant to Fed. R. Evid. 801(d)(2)(E) at 5, filed August 28, 2006(Doc. 320)(emphasis in original). The Court agrees that its task is not complete when it finds that a conspiracy existed and that Mr. Vigil was a member, but does not believe that Vigil has articulated the proper standard for its supplemental tasks.

First, it is not necessary for the United States to show that proffered statements were made during the time in which Vigil was a member of a conspiracy. See United States v. U.S. Gypsum Co., 333 U.S. 364, 393 (1948)("With the conspiracy thus fully established, the declarations and acts of the various members, even though made or done prior to the adherence of some to the conspiracy, become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy."). A newcomer to a conspiracy assumes the risk for what has already happened in the course of the conspiracy. See United States v. Brown, 943 F.2d 1246, 1255 (10th Cir. 1991)("The fact that appellant may have joined the conspiracy after its inception does not make his co-conspirators' previous statements inadmissible."); United States v. Adamo, 882 F.2d 1218, 1230-31 (7th Cir. 1989)(holding one who joins and participates in a conspiracy "adopt[s] the previous acts and declarations of his fellow co-conspirators"). The United States is obligated to show that its proffered statements are made in the scope of the conspiracy and in furtherance of the conspiracy. If the government can make those further proofs, the statements are admissible.

Vigil's Renewed Motion for Acquittal focused on his allegation that he himself had not committed any racketeering act. Proof of the existence of a conspiracy and of Vigil's membership in that conspiracy, however, does not require proof of any contemplated racketeering act. Rather, the essence of a conspiracy charge is the criminal agreement. See Jury Charge as Instructions 34-35 (Doc. 216). Neither Vigil's Renewed Motion for Acquittal, nor his response to this motion, identified

evidence undermining the United States' proof of the existence of a conspiracy or Vigil's membership therein.

While Vigil attempted to undermine the credibility of the United States' witnesses at trial, he did not establish that the United States failed to prove the existence of a conspiracy in which Vigil took part. By denying Vigil's Renewed Motion for Acquittal, the Court has already found the existence of evidence in the record supporting each element of the offense of conspiracy, and Vigil's membership in the conspiracy.

The Court now finds that the same evidence establishes, by a preponderance, the existence of a conspiracy and of Vigil's membership therein. Any statement that the United States can establish was made by a co-conspirator during the course of a conspiracy of which Vigil was a participant, and in furtherance thereof, will be admitted. Accordingly, unless Vigil contests those elements, the Court will permit the United States to elicit from its witnesses at trial co-conspirator statements made in furtherance of the conspiracy charged.

**IT IS ORDERED** that the United States' Motion to Admit Co-Conspirator Statements as Non-Hearsay Pursuant to Fed. R. Evid. 801(d)(2)(E) is conditionally granted, subject to the United States proving that the statements were made in the scope of the conspiracy and in furtherance thereof.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
Jonathon Gerson
Steven C. Yarbrough
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Bowles and Crow
Albuquerque, New Mexico

– and –

Sam Bregman
Eric Loman
Bregman Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*