# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       No. CR 05-2051 JB

ROBERT VIGIL,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Robert Vigil's Motion to Compel Production of Brady Materials and for Discovery Sanctions Including to Dismiss All Charges with Prejudice, filed August 28, 2006 (Doc. 319).  The Court offered the parties a hearing on this motion, but both asked the Court to decide the issues raised therein on the briefs and exhibits.  The primary issues are: (i) whether the United States has committed discovery violations; and (ii) if the United States has committed discovery violations, what, if any, the sanction should be.  Because the Court finds that the United States did not commit a discovery violation in the first trial, and because the Court has decided that it will not permit rule 404(b) evidence in the second trial, the Court will not sanction the United States, but because the possibility that the undisclosed evidence could be exculpatory, the Court will require the United States to produce some of the documents that it submitted in camera.

## PROCEDURAL BACKGROUND

Vigil argues that, if the Court finds that the FBI's failure to disclose exculpatory information has violated his due process rights, the Court should consider dismissing all charges with prejudice.

In the alternative, Vigil requests the Court: (i) prohibit admission of evidence related to conduct that occurred while Vigil was New Mexico State Auditor; (ii) compel production of an unredacted copy of Exhibit A to this motion to the defense; (iii) direct the FBI to produce its files related to a 1993 investigation of Vigil to the Court for an in camera inspection to determine if any exculpatory information is contained therein; (iv) permit Vigil to depose a FBI Special Agent regarding the 1993 investigation; (v) direct the FBI to produce all materials in its possession, including FBI 302 forms documenting interviews with witness; (vi) direct the United States to produce any and all exculpatory materials as requested in the letter at Exhibit C; and (vii) award other relief as the Court may deem appropriate.

The United States opposes the wide ranging sanctions that Vigil requests. The United States has provided the Court with the relevant documents for in camera inspection.

## ANALYSIS

Vigil cites two examples he describes as violations of the United States' duty to disclose exculpatory materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. The Court believes that Brady v. Maryland mandates disclosure of some of the particular matters that Vigil seeks.

**1.    The 1993 Declination was not Exculpatory in the First Trial.**

Exhibit A to Vigil's motion is a redacted copy of an FBI memorandum dated January 20, 1993. The memorandum states in part that "all logical investigation" of corruption among state officials had been concluded, allegations against state officials could not be substantiated, and that there was a lack of evidence to support those allegations. Consequently, the United States Attorney's Office would not authorize further investigation. The United States did not disclose Exhibit A to

Vigil in discovery in this case. The United States represents that neither its counsel nor the FBI agents working on this case were aware of the existence of Exhibit A until Vigil's defense counsel provided it to the United States by facsimile transmission on August 27, 2006.

The Court does not believe that <u>Brady v. Maryland</u> required disclosure in the first trial. In Vigil's first trial, the United States charged Vigil with violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), RICO conspiracy charges, and violations of the Hobbs Act. The RICO and RICO conspiracy charges tried in the first trial pertained exclusively to Vigil's alleged participation in a pattern of racketeering activity conducted by and through the New Mexico State Treasurer's Office ("STO") during the period 1995 to 2005. The Hobbs Act counts all arise from the receipt or attempted receipt of funds in return for work with the STO during the period 2003 through 2005. Exhibit A is not exculpatory evidence with respect to the charges the United States brought against Vigil in the first trial or to the method in which they were tried. Rather, Exhibit A shows that there was insufficient evidence to pursue two particular allegations of extortion that were said to have taken place in or about 1992, when Vigil was New Mexico State Auditor. Moreover, even if Exhibit A were exculpatory with respect to the first trial, failure to disclose it would not constitute a <u>Brady v. Maryland</u> violation, because it is already in Vigil's possession.

The Court does believe, however, that the evidence could be exculpatory in the second trial with respect to the charges the United States is currently bringing against Vigil. The United States seeks to introduce evidence and testimony pertaining to Vigil's term as New Mexico State Auditor to show knowledge, intent, state of mind, absence of mistake, and predisposition. <u>See</u> United States' Motion in Limine Regarding Admissibility of Predisposition Evidence, filed August 8, 2006 (Doc. 274); United States' Motion in Limine Regarding Admissibility of Federal Rule of Evidence 404(B)

-3-

Material, filed August 8, 2006 (Doc. 275).  While the Court has precluded the United States' use of this evidence under rule 404(b), there is still the possibility that, if Vigil raises an entrapment defense, the United States will be permitted to present predisposition evidence.

Exhibit A undermines the reliability of some of the United States' proposed predisposition evidence.  The exhibit shows that two particular allegations of extortion from 1992 were not supported by sufficient evidence to warrant more than preliminary investigation.  While the exhibit does not conclusively prove Vigil was innocent of extortion while State Auditor, skilled trial counsel, such as Vigil has, could use it to exculpate their client from the accusations surrounding the earlier years.

The memorandum also suggests additional avenues of investigation.  Those might also prove exculpatory to Vigil.  The United States will disclose the names of the two redacted witnesses mentioned in the memorandum so that Vigil can interview them.

The Court has gone through the remaining 1992 materials that the United States submitted in camera and numbered them.  The Court will file them ex parte for the United States' review only. The United States will produce the following pages therefrom for the reasons stated above: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 16, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33.

**2.      Exculpatory Material Pertaining to Stanley Chandler.**

Standley Chandler is a retail financial planner with a firm called Chandler Planning.  FBI agents interviewed Chandler on June 15, 2006.  In substance, Chandler told the agents that in 2003 he supervised a broker, Cody Maschmeier, at Linsco Private Ledger ("LPL") in Albuquerque. Chandler told the agents that Maschmeier had a business relationship with the STO and placed fixed income investments for the STO through LPL.

Chandler told the agents that he did not believe Maschmeier received "last looks," that is, information about his competitors' bids on bond offerings. Chandler further told the agents that, after Vigil's arrest, Maschmeier submitted a letter stating that he had not provided any donations or payments to Vigil. Chandler fired Maschmeir soon thereafter. The United States has provided FBI Form 302, Interview of Stanley Chandler, to the Court for in camera inspection.

The United States represent that it did not disclose the FBI 302 form reflecting the interview of Chandler, because it was merely duplicative of information contained in the 302 form documenting the interview of Maschmeier, because it was already disclosing the actual letter that Chandler discussed with the agents, and because Chandler did not appear to have any personal knowledge with respect to the STO transactions. Nevertheless, Chandler, in his 302, made exculpatory statements about Vigil and is a potential witness. The Court will direct the United States to produce that document. The Court assumes the other two documents that the United States submitted in camera, the 302 form documenting the FBI's interview of Maschmeier and the letter from Maschmeier to Chandler, have been produced.

**3.    <u>Sanctions</u>.**

Dismissal is an extraordinary remedy. It would not be a fair sanction in this case. It is true that Vigil has faced jeopardy at trial, and the Court, parties, and jurors have expended substantial time and resources. The Court is not convinced, however, that the production of the 1992 State Auditor documents would have changed that ordeal. The Court also does not believe that Vigil and his defense has only recently learned, after the conclusion of the first trial, that it was not provided important information that could have potentially changed the outcome. Finally, the Court does not believe production of the 1992 materials or the more recent materials will prevent the tremendous

expense and use of resources by the Court, parties, and public in the second trial.

This new information was not available or inculpatory for the first trial.  Given the Court's rule 404(b) ruling, it is marginally, at best, exculpatory in the second trial.  A number of improbable things have to occur for it to be used in the second trial.  Under the circumstances, no sanctions are appropriate.

**IT IS ORDERED** that the Motion to Compel Production of Brady Materials is granted in part and denied in part.  The United States will produce pages 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 16, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of the 1992 State Auditor materials and the 302 of Maschmeier. The motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney
Jonathon M. Gerson
Steven C. Yarbrough
   Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Albuquerque, New Mexico

– and –

Sam Bregman
Eric Loman
The Bregman Law Firm P.C.
Albuquerque, New Mexico

       *Attorneys for the Defendant*