IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. CR 05-2051 JB

ROBERT VIGIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Robert Vigil's oral request for the Court to clarify whether it intended to require him to pay interest on the fine that the Court imposed as a part of his sentence. Vigil made this request at a hearing on January 20, 2010. The primary issues are: (i) whether the Court has jurisdiction to resolve the motion; and (ii) whether the Court intended, when it imposed sentence upon Vigil, to require Vigil to pay interest on the fine that the Court imposed if Vigil chose to pay that fine in installments. The Court first determines that the issues raised by Vigil create a "case or controversy" under Article III of the United States Constitution. The Court further finds that, while its jurisdiction to change a sentence after it has been imposed is highly circumscribed, it does have jurisdiction to explain to a Defendant the terms of his supervised release, which include the continued payment of any fines that the Court has imposed. The Court will therefore grant Vigil's oral request and clarify that Vigil is required to pay interest on the fine that the Court imposed.

**PROCEDURAL BACKGROUND**

On September 30, 2006, a jury found Vigil guilty of one count out of a twenty-four-count

indictment: violation of the Hobbs Act, 18 U.S.C. §§ 1951 & 2.  See Fifth Superseding Indictment at 30-31, filed July 25, 2006 (Doc. 259); Verdict at 5, filed September 30, 2006 (Doc. 408).  The statute under which Vigil was convicted included a fine as a component of the sentence.  See 18 U.S.C. § 1951 (stating that one convicted under this statute "shall be fined under this title or imprisoned not more than twenty years, or both").  The Presentence Investigation Report ("PSR") stated that, "[p]ursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the 15th day after the date of judgment."  PSR ¶ 111, at 42 (disclosed December 8, 2006).  No party objected to this portion of the PSR.

On January 24, 2007, the Court held a sentencing hearing, at which the Court sentenced Vigil to a term of 37-months imprisonment and a fine of $97,248.42.  See Judgment in Criminal Case at 2, 6, filed February 22, 2007 (Doc. 456)("Judgment").  At the sentencing hearing, neither the parties nor the Court discussed interest on any fine.  Both parties appealed aspects of the Court's final judgment, see Notice of Defendant Robert Vigil's Appeal, filed February 27, 2007 (Doc. 457), and the United States Court of Appeals for the Tenth Circuit affirmed the judgment on the issues that it addressed, see United States v. Vigil, No. 07-2060, Judgment at 1 (filed in 10th Cir. Apr. 29, 2008), filed May 22, 2008 (Doc. 513-3).  The Supreme Court of the United States denied the petition for a writ of certiorari on October 6, 2008.  See Letter from Elisabeth Shumaker to Judges Paul J. Kelly, Jr., Stephen H. Anderson, and Michael R. Murphy (dated October 10, 2008), filed October 10, 2008 (Doc. 515).

On September 21, 2009, Vigil moved requesting clarification of the Court's sentencing order, and, at the hearing on that motion, Vigil asked the Court to address, in addition to the issues briefed, whether the Court intended to require Vigil to pay interest on the fine that it imposed in its February 22, 2007 judgment.  See Transcript of Hearing at 8:22:12:8 (taken January 20, 2010)

(Court, Bregman)("Tr.").[1]  Jonathan Gerson, Assistant United States Attorney, argued that the Court did not have jurisdiction over this issue because the Court lost jurisdiction at the time that Vigil appealed the Court's judgment.  See Tr. at 12:12-13:7 (Gerson).  Mr. Gerson insisted that Vigil's motion was one to modify or correct the sentence, rather than to merely clarify what the sentence was intended to do.  See id. at 16:14-17:2 (Court, Gerson).  Mr. Gerson also argued that there is no constitutional case or controversy for the Court to decide regarding whether Vigil was intended to pay interest on the fine that the Court imposed.  See id. at 22:22-24:6 (Court, Gerson).  He argued that the only way to make the issue ripe for adjudication is for Vigil to cease making payments on the fine and violate the provisions of his supervised release.  See id.

**RELEVANT LAW ON CORRECTION AND CLARIFICATION OF SENTENCES**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).  As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted).[2]

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may have slightly different page and/or line numbers.

[2] Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects

Rule 35 of the Federal Rules of Criminal Procedure authorizes the district court to reduce or correct a sentence in certain limited situations. See Fed. R. Crim. P. 35. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c).[3] Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(emphasis added). See United States v. McMillan, 106 F.3d 322, 324 (10th Cir. 1997)("[C]ourts have reduced fines under Rule 35(b) . . . ."); United States v. Glantz, 884 F.2d 1483, 1488 (1st Cir. 1989)(holding that district court should have considered motion to modify fine as part of rule 35(b) motion to reduce sentence); United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990) (stating defendant had a right to request a remission of fine under rule 35(b)). Moreover, rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Id. at 36.

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case, the defendant, who received an initial sentence of 15-months imprisonment, moved the court for a re-sentencing, because "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id. The court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation,

---

the Tenth Circuit's analysis.

[3] The period of time in which a court could correct these "clear" errors was extended from seven days to fourteen days by amendments that took effect on December 1, 2009. The Court does not need to determine whether the prior seven-day period or the new fourteen-day period applies to Vigil's case because it is now over 1,000 days since this Court entered judgment sentencing Vigil.

with six-months home detention." Id. at 947.  In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35[.]"  81 F.3d at 947.

The Tenth Circuit in United States v. Blackwell rejected the district court's reliance on rule 35, rule 36, or its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant."  United States v. Blackwell, 81 F.3d at 949.  The Tenth Circuit held first that the only option under § 3582 applicable to that case was whether rule 35 granted the court authority to modify the defendant's sentence.  See id. at 948.  Rule 35(a) did not apply "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later."  Id. at 948 (discussing then rule 35(c)).  The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence."  81 F.3d at 948.  See United States v. Corral, No. CR 05-0469 JB, 2006 WL 1308237, at *3 (D.N.M. Mar. 28, 2006)(Browning, J.)(denying motion to reconsider sentence based on argument that incarceration prevented defendant from earning a living, paying taxes, and supporting his children, stating that the Court lacks power to change the his sentence); United States v. Myers, 375 F. Supp. 2d 1293, 1297-98 (D.N.M. 2005)(Browning, J.)(denying motion to modify sentence based on serious changes in defendant's medical condition because the Court, in the exercise of its equitable powers, is not free to ignore the requirements that Congress has set forth).

The limitation on a court's ability to re-sentence a defendant extends equally to fines as it does to terms of imprisonment.  Rule 35 defines "sentencing," at least for the purposes of that rule, as "the oral announcement of the sentence," Fed. R. Crim. P. 35(c), which generally includes any applicable fines.  In 18 U.S.C. § 3551, Congress addressed sentences and authorized certain

sentences for individuals:

> **(b) Individuals**.--An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to--
>
> **(1)** a term of probation . . . ;
>
> **(2)** a fine . . . ; or
>
> **(3)** a term of imprisonment . . . .
>
> A sentence to pay a fine may be imposed in addition to any other sentence. . . .

18 U.S.C. § 3551(b).  As the Tenth Circuit has stated in United States v. McMillan: "The Sentencing Guidelines clearly include fines as a type of criminal sentence." 106 F.3d at 324.  See United States Sentencing Commission, Guidelines Manual, § 4A1.2(a), at 382 (Nov. 2009)("USSG")(defining prior sentence as "any sentence previously imposed upon adjudication of guilt").  See also United States v. Gallego, 905 F.2d 482, 483 (1st Cir. 1990).  Additionally, the United States Sentencing Guidelines provide guidelines not only for terms of imprisonment, but also for fines that courts should impose for particular defendants.  See USSG § 5E1.2, at 429-30.  And the Tenth Circuit has implied that it considers requests to reduce a fine to be the equivalent to a request to reduce a term of imprisonment.  See United States v. McMillan, 106 F.3d 322, 324 (10th Cir. 1997)(holding that a district court's power to reduce fines after sentencing is controlled by rule 35 of the Federal Rules of Criminal Procedure).

### **RELEVANT LAW REGARDING SUPERVISED RELEASE**

A court, "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may [and sometimes must] include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a).  When a defendant is on supervised release, he is legally bound to abide by certain conditions of his release.  See 18

U.S.C. § 3583(d). A court may then

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

18 U.S.C. § 3583. In other words, there is a period of time after release during which, if the defendant does not behave properly, the court may impose further imprisonment.

The conditions of supervised release are specified in 18 U.S.C. § 3583, but elsewhere Congress has provided for other conduct which, if committed by a defendant on supervised release, can result in a revocation of supervised release. The express terms found in Section 3583 include that the defendant not commit another federal, state, or local crime during the term of supervision, that the defendant not possess any controlled substances, and that the defendant cooperate in the collection of a DNA sample from the defendant, among others. See 18 U.S.C. § 3583(d). Among those conditions not listed in Section 3583 is that supervised release may be revoked if the defendant fails to pay a fine or restitution that the court has imposed. See 18 U.S.C. 3613A ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release . . . .").

A court may clarify for the defendant what the terms of his or her supervised release entail. Generally, the district court has a duty to ensure, to the best of its ability, that the defendant complies with the terms of his supervised release. See United States v. Guanipa, 322 Fed. Appx. 831, 832 (11th Cir. 2009)("[U]nder 18 U.S.C. § 3583, district courts retain the ultimate responsibility for ensuring that a defendant has complied with the conditions of her supervised release."). The Advisory Committee to the Federal Rules of Criminal Procedure has stated, "[t]he probationer [and,

presumably, the defendant on supervised release] should have the right to apply to the sentencing court for a clarification or change of conditions." Fed. R. Crim P. 32.1(b), advisory committee note (citing American Bar Association, Standards Relating to Probation § 3.1(c) (Approved Draft, 1970)); United States v. Raymer, 148 Fed. Appx. 555, 557 (7th Cir. 2005)("Raymer . . . sought clarification of the conditions of supervised release, which is a legitimate basis for a motion."). Federal Rule of Criminal Procedure 32.1 "permits a defendant to move for 'clarification of a term or condition of supervised release so that the defendant may have an opportunity to comply with the court's order without first having to violate it.'" United States v. Raymer, 148 Fed. Appx. at 557 (quoting United States v. Lilly, 206 F.3d 756, 762 (7th Cir. 2000)).

## ANALYSIS

By his oral request, Vigil asks the Court to clarify whether he is required to pay interest in the amount of the fine that the Court imposed as a part of his sentence. He argues that there is some ambiguity in the judgment in that it states that Vigil will pay a fine of $97,248.42, and will do so in payments of not less than $2,702.00 per month, but does not mention interest. See Judgment at 6. The United States argues that there is no case or controversy, and that the Court thus does not have jurisdiction to answer Vigil's inquiry whether he must pay interest on the fine imposed. The United States argues that, until Vigil defaults on payment of his fine and the United States seeks to enforce the fine, there is nothing for this Court to resolve.

If the Court interprets Vigil's request as one to modify his sentence, it would deny that motion on the basis that the Court lacks jurisdiction. See United States v. Mendoza, 118 F.3d at 709 ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); United States v. Blackwell, 81 F.3d at 947-48. The Judgment states: "The defendant will pay a fine of $97,248.42. The defendant will make payments

of not less than $2,702.00 per month." Judgment at 6. Regarding whether Vigil pays interest, these two sentences will not change. Accordingly, the Judgment, which includes these sentences, will not change. The Court thus interprets Vigil's oral request as a request for clarification of one of the terms of his supervised release, rather than as a request to modify his sentence. The Court will grant that clarification.

The Court finds that it can resolve this issue for Vigil. A defendant on supervised release should be able to ask the Court to clarify the metes and bounds of the terms of his supervised release without violating them, and the Advisory Committee to the Federal Rules of Criminal Procedure appears to have intended that the Court do just that. The Advisory Committee's note for rule 32.1(b) states:

> The probationer [and, presumably, the defendant on supervised release] should have the right to apply to the sentencing court for a clarification or change of conditions [because he or she] should be able to obtain resolution of a dispute over an ambiguous term or the meaning of a condition without first having to violate it.

Fed. R. Crim. P. 32.1(b), advisory committee note. If Vigil were to fail to pay interest that he is required to pay, he arguably would be in violation of supervised release. The Court thus finds that resolving this issue would be to clarify the terms of Vigil's supervised release, see 18 U.S.C. 3613A ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release . . . ."), and thus Vigil's request for clarification is appropriate, see Fed. R. Crim P. 32.1(b), advisory committee notes.

The request for clarification of a term of supervised release, which is how the Court interprets Vigil's request, provides a sufficient case or controversy to justify this Court's exercise of jurisdiction over this case. The Court finds Vigil's situation analogous to that of an insurer, contemplating denying the claim of an insured. In that insurer-insured context, courts regularly

allow resolution by declaratory judgment and find the case-or-controversy requirement satisfied. See, e.g., Scottsdale Ins. Co. v. Tolliver, 261 Fed. Appx. 153, 155 (10th Cir. 2008)("Scottsdale filed a declaratory judgment action against the Tollivers, seeking to avoid payment of their claim and asking for rescission of the Policy."). Vigil questions whether he is required to pay interest on the fine that the Court has imposed, but realizes that if he is required to pay and fails to do so, there will be serious repercussions. "It is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff." Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1224 (10th Cir. 2009)(quoting Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997)). In this case, the Court will be resolving a dispute between the United States, which is seeking to impose the payment of interest on Vigil, and Vigil, who desires not to pay it. The Court thus finds that there exists a sufficient case or controversy that the Court will not be issuing an advisory opinion by giving Vigil this opinion.

Upon the issue of clarification, Vigil is required to pay interest on the fine that the Court imposed as part of Vigil's sentence. The PSR, which Vigil reviewed with his attorney before sentencing, correctly reflected in paragraph 111 that 18 U.S.C. § 3612(f)(1) requires: "The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612. Because Vigil chose to pay his fine in installments rather than as a lump sum, Title 18 of the United States Code requires that he pay interest on his fine, even though the Judgment did not expressly state an amount of interest. In other words, interest was imposed as a matter of law, not by the Court.

**IT IS ORDERED** that Defendant Robert Vigil's oral request for clarification whether he must pay interest on the fine that the Court imposed as part of his sentence is granted. The Court

-10-

informs Vigil that he must pay interest as 18 U.S.C. § 3612 requires.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Steven C Yarbrough
Jonathan M. Gerson
John W. Zavitz
Manny Lucero
Laura Fashing
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Bowles & Crow
Albuquerque, New Mexico

-- and --

Samuel H. Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

*Attorneys for the Defendant*