IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                             No. CR 05-2051 JB

ROBERT VIGIL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Motion Requesting Clarification of Sentencing Order, filed September 21, 2009 (Doc. 516). The Court held a hearing on January 20, 2010. The primary issue is whether the Court has jurisdiction to change the amount of the fine that the Court specified in Defendant Robert Vigil's sentence. The Court finds that Vigil's motion, while styled a motion for clarification, requests a substantive change to the sentence imposed and that the Court has no jurisdiction to rule on such a motion. The Court will therefore deny Vigil's motion in part and reserve ruling on the remaining issues that the motion raises.

**PROCEDURAL BACKGROUND**

      On September 30, 2006, a jury found Vigil guilty of one count out of a twenty-four-count indictment: violation of the Hobbs Act, 18 U.S.C. §§ 1951 & 2. See Fifth Superseding Indictment at 30-31, filed July 25, 2006 (Doc. 259); Verdict at 5, filed September 30, 2006 (Doc. 408). The statute under which Vigil was convicted included a fine as a component of the sentence. See 18 U.S.C. § 1951 (stating that one convicted under this statute "shall be fined under this title or imprisoned not more than twenty years, or both"). The Presentence Investigation Report ("PSR") stated that, "[p]ursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine of more

than $2,500, unless the fine is paid in full before the 15th day after the date of judgment." PSR

¶ 111, at 42 (disclosed December 8, 2006). No party objected to this portion of the PSR.

On January 24, 2007, the Court held a sentencing hearing, at which the Court sentenced Vigil to a term of 37-months imprisonment and a fine of $97,248.42. See Judgment in Criminal Case at 2, 6, filed February 22, 2007 (Doc. 456)("Judgment"). At the sentencing hearing, held January 24, 2007, the Court said the following regarding the fine that it would impose on Vigil:

> The Court will also order a sentence of a fine in this case. The defendant will pay a total fine of $97,248.42. I believe that the $25,000.00 at the at the low end of the guide line is appropriate, but I also believe that, given that Mr. Vigil has the resources to pay for his time and expenses in prison, that the Court will move higher into the guideline range and at that amount, given the sentence that it has imposed.

Transcript of Hearing at 219:24-220:6 (taken January 24, 2007)(Court).[1] In a Memorandum Opinion and Order regarding the sentence, the Court said, in the body of its opinion:

> The Court will start at a fine at the low end of the range -- $25,000.00. The cost of incarceration for Vigil is $1,952.66 per month. See PSR ¶ 113, at 42. The Court will add the cost of Vigil's imprisonment to the $25,000.00 to calculate the total fine. Based on the sentence the Court will impose, that total figure is in the lower half of the guideline range.

Memorandum Opinion and Order at 141, filed February 13, 2007 (Doc. 451). In the concluding order, however, the Court stated: "The Defendant will pay a total fine of $97,248.42, to be paid in payments of not less than $2,702 per month." Id. at 149.

Both parties appealed aspects of the Court's final judgment, see Notice of Defendant Robert Vigil's Appeal, filed February 27, 2007 (Doc. 457), and the United States Court of Appeals for the Tenth Circuit affirmed the judgment on the issues that it addressed, see United States v. Vigil, No. 07-2060, Judgment at 1 (filed in 10th Cir. Apr. 29, 2008), filed May 22, 2008 (Doc. 513-3). The

---

[1] The citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may have slightly different page and/or line numbers.

Supreme Court of the United States denied the petition for a writ of certiorari on October 6, 2008. See Letter from Elisabeth Shumaker to Judges Paul J. Kelly, Jr., Stephen H. Anderson, and Michael R. Murphy (dated October 10, 2008), filed October 10, 2008 (Doc. 515).

On September 21, 2009, Vigil moved for clarification of the Court's sentencing order, requesting clarification of two issues: (i) whether the Court intended that his sentence of imprisonment be calculated from a starting date of January 24, 2007, when he was placed on house arrest, or April 9, 2007, when Vigil was placed in a federal correctional facility, see Motion ¶¶ 4-7, at 2; and (ii) whether the Court intended for Vigil to pay a fine of $97,248.42 or to pay a fine of $25,000.00 plus $1,952.66 for each month he was held in prison, see Motion ¶¶ 8-11, at 2-3. See Transcript of Hearing at 8:22:12:8 (taken January 20, 2010)(Court, Bregman)("Tr."). The Court addresses these issues in separate opinions because Vigil stated that the issues relating to the fine that the Court imposed on Vigil are more time-sensitive. Jonathan Gerson, Assistant United States Attorney, argued that the Court did not have jurisdiction over the fine issue because the Court lost jurisdiction at the time that Vigil appealed the Court's judgment. See Tr. at 12:12-13:7 (Gerson). Mr. Gerson insisted that Vigil's motion was one to modify or correct the sentence, rather than to merely clarify what the sentence was intended to do. See id. at 16:14-17:2 (Court, Gerson).

**RELEVANT LAW ON CORRECTION AND CLARIFICATION OF SENTENCES**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). As the United States Court of Appeals for the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the

>Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted).[2]

Rule 35 authorizes the district court to reduce or correct a sentence in certain limited situations. See Fed. R. Crim. P. 35. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(c).[3] Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(emphasis added). See United States v. McMillan, 106 F.3d 322, 324 (10th Cir. 1997)("[C]ourts have reduced fines under Rule 35(b) . . . ."); United States v. Glantz, 884 F.2d 1483, 1488 (1st Cir. 1989)(holding that district court should have considered motion to modify fine as part of rule 35(b) motion to reduce sentence); United States v. Linker, 920 F.2d 1, 2 (7th Cir. 1990) (stating defendant had a right to request a remission of fine under rule 35(b)). Moreover, rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case,

---

[2] Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

[3] The period of time in which a court could correct these "clear" errors was extended from seven days to fourteen days by amendments that took effect on December 1, 2009. The Court does not need to determine whether the prior seven-day period or the new fourteen-day period applies to Vigil's case because it is now over 1,000 days since this Court entered judgment sentencing Vigil.

the defendant, who received an initial sentence of 15-months imprisonment, moved the court for a re-sentencing, because "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id. The court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." Id. at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35[.]" 81 F.3d at 947.

The Tenth Circuit in United States v. Blackwell rejected the district court's reliance on rule 35, rule 36, or its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United States v. Blackwell, 81 F.3d at 949. The Tenth Circuit held first that the only option under § 3582 applicable to that case was whether rule 35 granted the court authority to modify the defendant's sentence. See 81 F.3d at 948. Rule 35(a) did not apply "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." 81 F.3d at 948 (discussing then rule 35(c)). The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." 81 F.3d at 948. See United States v. Corral, No. CR 05-0469 JB, 2006 WL 1308237, at *3 (D.N.M. Mar. 28, 2006)(Browning, J.)(denying motion to reconsider sentence based on argument that incarceration prevented defendant from earning a living, paying taxes, and supporting his children, stating that the Court lacks power to change the his sentence); United States v. Myers, 375 F. Supp. 2d 1293, 1297-98 (D.N.M. 2005)(Browning, J.)(denying motion to modify sentence based on serious changes in defendant's medical condition because the Court, in the

exercise of its equitable powers, is not free to ignore the requirements that Congress has set forth).

The limitation on a court's ability to re-sentence a defendant extends equally to fines as it does to terms of imprisonment.  Rule 35 defines "sentencing," at least for the purposes of that rule, as "the oral announcement of the sentence," Fed. R. Crim. P. 35(c), which generally includes any applicable fines.  In 18 U.S.C. § 3551, Congress addressed sentences and authorized certain sentences for individuals:

> **(b) Individuals**.--An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to--
>
> **(1)** a term of probation . . . ;
>
> **(2)** a fine . . . ; or
>
> **(3)** a term of imprisonment . . . .
>
> A sentence to pay a fine may be imposed in addition to any other sentence. . . .

18 U.S.C. § 3551(b).  As the Tenth Circuit has stated in United States v. McMillan: "The Sentencing Guidelines clearly include fines as a type of criminal sentence."  106 F.3d at 324.  See United States Sentencing Commission, Guidelines Manual, § 4A1.2(a), at 382 (Nov. 2009)("USSG")(defining prior sentence as "any sentence previously imposed upon adjudication of guilt").  See also United States v. Gallego, 905 F.2d 482, 483 (1st Cir. 1990).  Additionally, the United States Sentencing Guidelines provide guidelines not only for terms of imprisonment, but also for fines that courts should impose for particular defendants.  See USSG § 5E1.2, at 429-30.  And the Tenth Circuit has implied that it considers requests to reduce a fine to be the equivalent to a request to reduce a term of imprisonment.  See United States v. McMillan, 106 F.3d 322, 324 (10th Cir. 1997)(holding that a district court's power to reduce fines after sentencing is controlled by rule 35 of the Federal Rules of Criminal Procedure).

**RELEVANT LAW REGARDING SUPERVISED RELEASE**

A court, "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may [and sometimes must] include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). When a defendant is on supervised release, he is legally bound to abide by certain conditions of his release. See 18 U.S.C. § 3583(d). A court may then

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . .

18 U.S.C. § 3583. In other words, there is a period of time after release during which, if the defendant does not behave properly, the court may imprison the defendant again.

The conditions of supervised release are specified in 18 U.S.C. § 3583, but elsewhere Congress has provided for other conduct which, if committed by a defendant on supervised release, can result in a revocation of supervised release. The express terms found in Section 3583 include that the defendant not commit another federal, state, or local crime during the term of supervision, that the defendant not possess any controlled substances, and that the defendant cooperate in the collection of a DNA sample from the defendant, among others. See 18 U.S.C. § 3583(d). Among those conditions not listed in Section 3583 is that the court may revoke supervised release if the defendant fails to pay a fine or restitution that the court has imposed. See 18 U.S.C. § 3613A ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release . . . .").

A court may clarify for the defendant what the terms of his or her supervised release entail.

Generally, the district court has a duty to ensure, to the best of its ability, that the defendant complies with the terms of his or her supervised release. See United States v. Guanipa, 322 Fed. Appx. 831, 832 (11th Cir. 2009)("[U]nder 18 U.S.C. § 3583, district courts retain the ultimate responsibility for ensuring that a defendant has complied with the conditions of her supervised release."). The Advisory Committee to the Federal Rules of Criminal Procedure has stated that, "[t]he probationer [and, presumably, the defendant on supervised release] should have the right to apply to the sentencing court for a clarification or change of conditions." Fed. R. Crim P. 32.1(b), advisory committee note (citing American Bar Association, Standards Relating to Probation § 3.1(c) (Approved Draft, 1970)); United States v. Raymer, 148 Fed. Appx. 555, 557 (7th Cir. 2005) ("Raymer . . . sought clarification of the conditions of supervised release, which is a legitimate basis for a motion."). Federal Rule of Criminal Procedure 32.1 "permits a defendant to move for 'clarification of a term or condition of supervised release so that the defendant may have an opportunity to comply with the court's order without first having to violate it.'" United States v. Raymer, 148 Fed. Appx. at 557 (quoting United States v. Lilly, 206 F.3d 756, 762 (7th Cir. 2000)).

## ANALYSIS

In his motion, Vigil asks the Court to clarify whether it intended for Vigil to pay a fine of $97,248.42, or a fine commensurate with the amount of time that Vigil spent incarcerated. He points out that the Memorandum Opinion and Order in which the Court expounded upon the sentence it imposed on Vigil stated that the fine was calculated by "add[ing] the cost of Vigil's imprisonment to the $25,000.00 [guideline fine]." Memorandum Opinion and Order at 141 (Doc. 451). Vigil argues that the Court should now reduce his fine to reflect that he spent less time in prison than his sentence contemplated. See Motion ¶¶ 8-11, at 2-3. At the hearing, the United States argued that the Court does not have jurisdiction to resolve this motion because it lost jurisdiction over Vigil's

sentence as soon as Vigil appealed to the Tenth Circuit. See Tr. at 12:12-13:7 (Gerson).

The Court finds that it does not have authority to resolve this aspect of this motion. The Judgment states that Vigil "shall pay the following total criminal monetary penalties" and listed a fine of $97,248.42. It also stated that "[t]he defendant will pay a fine of $97,248.42." The fine specified in this judgment is not ambiguous. If the Court were to take up the issue whether it intended that Vigil's sentence be $97,248.42, or $25,000.00 plus $1,952.66 for each month in which he is incarcerated, the Court would be reviewing a sentence that it has already imposed. The Court's resolution of this question, if it were to grant the relief Vigil requests, would be forbidden as improperly modifying a sentence outside of the strict parameters imposed by law. See United States v. Mendoza, 118 F.3d at 709 ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."); United States v. McMillan, 106 F.3d at 324; United States v. Blackwell, 81 F.3d at 947-48. If the Court did not modify the sentence as Vigil requests, the Court would be rendering an unnecessary advisory opinion about what is already did when it put the fine in the Judgment. If Vigil wanted relief from the judgment, he should timely have asked the Court for clarification or raised the issue on appeal. The Court will thus deny Vigil's request for clarification of the fine portion of his sentence.

In a prior opinion, the Court addressed another request by Vigil, to clarify whether he must pay interest on the fine that the Court imposed. See Memorandum Opinion and Order at 8-10, filed February 3, 2010 (Doc. 520). The Court found that his request was tantamount to asking for clarification on a term of his supervised release. See id. That situation is not the case with respect to this request, which asks the Court to change the language of the Judgment to reflect a different total fine amount. If Vigil had asked the Court whether he was required to pay the balance of an unpaid fine, the Court could inform him whether he must do so, because failure to do so could be

-9-

a violation of his supervised release. See United States v. Raymer, 148 Fed. Appx. at 557 (quoting United States v. Lilly, 206 F.3d at 762); Fed. R. Crim P. 32.1(b), advisory committee note. This motion, on the other hand, seeks modification of the unambiguous language of a sentence already imposed, and which language Vigil did not contest or appeal. Tenth Circuit law prohibits such modification, and the Tenth Circuit has already affirmed the Court's judgment. The Court will thus deny the motion.

**IT IS ORDERED** that the Defendant's Motion Requesting Clarification of Sentencing Order is denied insofar as it seeks that the Court clarify or modify the fine specified in the Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Steven C Yarbrough
Jonathan M. Gerson
John W. Zavitz
Manny Lucero
Laura Fashing
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jason Bowles
B.J. Crow
Bowles & Crow
Albuquerque, New Mexico

-- and --

Samuel H. Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*